**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| JENS H. S. NYGAARD<br><br>Plaintiff,<br><br>v.<br><br>FÉDÉRATION INTERNATIONALE DE L'AUTOMOBILE, FORMULA ONE MANAGEMENT LTD., FORMULA ONE WORLD CHAMPIONSHIP, MERCEDES BENZ GRAND PRIX LTD., DAIMLER AG, LEWIS HAMILTON, RED BULL TECHNOLOGY LTD., RED BULL RACING LTD., FERRARI S.P.A., CHARLES LECLERC, AND DALLARA AUTOMOBILI S.P.A,<br><br>Defendants. | Civil Action No. 6:20-cv-00234-ADA<br><br>JURY TRIAL REQUESTED |

**DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT OF <u>NON-INFRINGEMENT</u>**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Defendants move for partial summary judgment of non-infringement of asserted claim 2 of U.S. Patent No. 7,494,178 (Ex. 1). This Motion—which applies to one of the three asserted claims—presents a straightforward dispute. While claim 2 recites plural "second structural unit**s**," Plaintiff's infringement theory exclusively relies on a ***single*** alleged second structural unit. Thus, Plaintiff's infringement theory fails as a matter of law, and Defendants seek partial summary judgment of non-infringement of claim 2 to narrow the issues remaining in this case.

This Motion is not unexpected. Defendants raised during the *Markman* hearing their concern that Plaintiff would not apply the plain and ordinary meaning of the plural term "second structural unit**s**." Ex. 2 (*Markman* Hr'g Tr.) at 40:9-42:17.[1] The Court advised that if Plaintiff's expert did not apply the ordinary meaning of this term, Defendants should raise the issue with the Court, possibly in a summary judgment motion. *Id.* at 44:4-45:14.

Defendants file this Motion because Plaintiff's infringement theory for claim 2 does not apply the plain and ordinary meaning of the plural term "second structural unit**s**." Instead, Plaintiff, through its expert Stephen Syson, identifies only one structural unit on the accused Halo and Aeroscreen. Because Plaintiff cannot establish that the accused devices have multiple "second structural units" as required, summary judgment of non-infringement should be granted.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff accuses the Halo and Aeroscreen safety devices of infringing claims 1, 2, and 4 of the '178 Patent. Dkt. No. 231 at ¶ 1.[2] This Motion addresses claim 2, which is provided below with the language at issue emphasized:

---

[1] Defendants argued in *Markman* briefing that the inconsistency between the singular "unit" and plural "units" terms in claim 2 rendered the claim indefinite. Defendants' arguments in the cited part of the transcript were in response to the Court adopting the plain and ordinary meaning as its construction for the plural term.

[2] Plaintiff's infringement allegations for the Aeroscreen are only against the Red Bull defendants.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

>    2.    A strengthening member for mounting in a vehicle, formed of at least three first linearly extending structural units placed in a triangular arrangemeent [sic], for extending from the front structure of the vehicle and second linearly extending structural unit joining the at least three first linearly extending units, **the second structural unit<u>s</u> being not horizontal**, and wherein the first linearly extending structural units of the strengthening member have a width not exceeding 65 mm, the strengthening member having a connection for fixing the strengthening member to the vehicle, whereby, when mounted in the vehicle, the strengthening member extends obliquely to the vertical direction of the vehicle.

The Court construed "the second structural units" to have its plain and ordinary meaning (Dkt. No. 207 at 3) and instructed Defendants to raise the issue with the Court if Plaintiff's expert did not apply the ordinary meaning (Ex. 2 at 44:4-45:14).

## II.   SUMMARY JUDGMENT OF NON-INFRINGEMENT SHOULD BE GRANTED FOR CLAIM 2

### A. The plain and ordinary meaning of "the second structural units" requires *plural* second structural units.

The plain and ordinary meaning of "the second structural units being not horizontal" in claim 2 requires *plural* second structural units that are not horizontal. The claim language, the specification, and Plaintiff's representations at *Markman* confirm this plain and ordinary meaning.

The claim language indisputably recites *plural* second structural units: "the second structural unit<u>s</u> being not horizontal." Further, every description and figure in the specification of the claimed "second structural units" that are "not horizontal" confirms that there are *multiple* second structural units. *See, e.g.*, Ex. 1 at 2:61-67, 5:13-24, 5:55-57, 7:49-62, 17:8-16 (describing the second structural units as plural "struts"), 17:30-32, 17:41-44; Figs. 22, 26A, 26B. Nothing in the specification describes or depicts a *singular* second structural unit that is not horizontal. Thus, the claim language and the specification confirm that "the second structural units" requires plural second structural units.

Indeed, Plaintiff admitted during *Markman* that the plain meaning of claim 2 recites plural second structural units. Plaintiff represented that claim 2 is directed to the "third aspect of the

invention" described in the '178 Patent and that "the ***plural usage is correct*** when dealing with the *third aspect* of the invention." Dkt. No. 172 at 10, 17 (emphasis added).³

Plaintiff also explained that "[t]he strengthening members *in claim 2* are constructed in a *lattice-type configuration* to enhance vision and safety over solid, opaque members or pillars." Dkt. No. 195 at 3 (emphasis added). Plaintiff referred to Figure 22 as an example of this "lattice-type configuration" representing the "third aspect" of the invention claimed in claim 2. *Id.* at 9 ("Figure 22 illustrates how . . . a strengthening member . . . is constructed in the third aspect of the invention. There is no test for vision applicable to this lattice-type construction . . ."); Dkt. No. 172 at 10 (stating that the "third aspect" of the invention is "included in claim 2"); Dkt. No. 195 at 17 (stating that the third aspect is "the redesigned pillar of Figure 22"). Figure 22 is reproduced below with the multiple second structural units (struts 31 and 32) highlighted blue.



Fig. 22

Ex. 1 at Fig. 22. Figures 26A and 26B show this same lattice-type structure of Figure 22 on a vehicle. *Id.* at 18:64-65 ("FIGS. 26A and 26B show further views of a vehicle incorporating a strengthening member according to FIG. 22."). Plaintiff again characterized these multiple second

---

³ The '178 Patent describes three "aspects" of the alleged invention. Ex. 1 at 3:26 ("First Aspect"), 10:31 ("Second Aspect"), 17:6-7 ("[T]hird aspect").

3

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

structural units as part of the "lattice structure" claimed in claim 2. Dkt. No. 195 at 3, 9.

In sum, the plain and ordinary meaning of the claim language, the specification, and Plaintiff's admissions during *Markman* all confirm that proof of infringement of claim 2 requires proof of *multiple* "second structural units being not horizontal." As explained in the following section, Plaintiff has not done that and cannot do that.

**B. Plaintiff's infringement expert does not apply the plain and ordinary meaning of the plural term "the second structural units."**

Plaintiff's infringement expert Mr. Syson does not apply the plain and ordinary meaning of the plural term "the second structural units being not horizontal." Instead, Mr. Syson relies exclusively on a *single* second structural unit for his infringement analysis. Mr. Syson opines that the Halo literally satisfies this limitation because, "[a]s shown in the below diagram, the Halo includes **another linearly extending structural unit (in blue)** that joins the three first linearly extending structural units (in red), and **which is not horizontal**, but slanted":



Ex. 3 (Syson Rep.) at ¶ 119 (emphasis added). That conclusory sentence is Mr. Syson's full

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

infringement opinion for this limitation. Mr. Syson's opinion for the Aeroscreen consists of the same verbatim statement (substituting Aeroscreen for Halo) and a similar blue triangle:



*Id.* at ¶ 186. Mr. Syson's use of the singular terms "unit" and "is" and his drawings of a single blue triangle show that he is relying on a ***single*** alleged second structural unit. His report does not provide any other infringement theory for "the second structural units being not horizontal."

In sum, Plaintiff's only infringement theory for claim 2 cannot show infringement under the plain and ordinary meaning of the plural term "the second structural unit***s***," because it relies upon only a single alleged second structural unit.

### III.  CONCLUSION

Plaintiff's expert Mr. Syson does not apply the plain and ordinary meaning of the plural term "the second structural units" in claim 2. Instead, he identifies only a single alleged second structural unit in the accused Halo and Aeroscreen. Therefore, Defendants request that the Court grant summary judgment of non-infringement of claim 2.

**~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~**

Dated: January 6, 2022                              Respectfully submitted,

                       By: */s/ Douglas M. Kubehl*
                      Douglas M. Kubehl
                      State Bar Number 00796909
                      Doug.kubehl@bakerbotts.com
                      Harrison Rich *pro hac vice*
                      State Bar Number 24083730
                      Harrison.rich@bakerbotts.com
                      **BAKER BOTTS L.L.P.**
                      2001 Ross Avenue, Suite 900
                      Dallas, TX 75201
                      Telephone: (214) 953-6816
                      Facsimile: (214) 661-4816

                      **ATTORNEYS FOR DEFENDANTS**
                      **FORMULA ONE MANAGEMENT**
                      **LIMITED AND FORMULA ONE WORLD**
                      **CHAMPIONSHIP LIMITED**

                      */s/ Claudia Wilson Frost*
                      Claudia Wilson Frost
                      State Bar No. 21671300
                      Jeffrey L. Johnson
                      State Bar No. 24029638
                      Ryan C. Wooten
                      State Bar No. 24075308
                      **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                      609 Main, 40th Floor
                      Houston, TX 77002
                      Telephone: 713.658.6400
                      Facsimile: 713.658.6401
                      cfrost@orrick.com
                      jj@orrick.com
                      rwooten@orrick.com

                      Travis Jensen
                      CA Bar No. 259925
                      **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                      1000 Marsh Rd.
                      Menlo Park, CA 94025
                      Telephone: 650.614.7400
                      Facsimile: 650.614.7401
                      tjensen@orrick.com

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

>Jeffrey T. Quilici
>State Bar No. 24083696
>**ORRICK, HERRINGTON & SUTCLIFFE LLP**
>300 W. 6th Street, Suite 1850
>Austin, TX 78701
>Telephone:  512.582.6916
>Facsimile:  512.582.6949
>jquilici@orrick.com
>
>**ATTORNEYS FOR DEFENDANT FÉDÉRATION INTERNATIONALE DE L'AUTOMOBILE**
>
>By: */s/ Edgar H. Haug*
>Deron R. Dacus
>State Bar No. 00790553
>THE DACUS FIRM, P.C.
>821 ESE Loop 323, Suite 430
>Tyler, TX 75701
>Phone: (903) 705-1117
>Fax: (903) 581-2543
>ddacus@dacusfirm.com
>
>Edgar H. Haug (pro hac vice)
>Mark A. Chapman (pro hac vice)
>Roman Khasidov (pro hac vice)
>HAUG PARTNERS LLP
>745 Fifth Avenue, 10th Floor
>New York, NY 10151
>Phone: (212) 588-0800
>Fax: (212) 588-0500
>
>**ATTORNEYS FOR DEFENDANTS RED BULL RACING LTD. AND RED BULL TECHNOLOGY LTD.**

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on January 6, 2022, a true and correct copy of the foregoing was served on all counsel of record who have appeared in this case via email.

>*/s/ Douglas M. Kubehl*
>Douglas M. Kubehl