# EXHIBIT 2

```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE WESTERN DISTRICT OF TEXAS
                           WACO DIVISION

JENS H.S. NYGAARD              *      March 22, 2021
                               *
VS.                            *   CIVIL ACTION NO. W-20-CV-234
                               *
FEDERATION INTERNATIONALE      *
   DE L'AUTOMOBILE, ET AL      *

              BEFORE THE HONORABLE ALAN D ALBRIGHT
                     MARKMAN HEARING (ZOOM)

APPEARANCES:

For the Plaintiff:         Ahmed J. Davis, Esq.
                           Fish & Richardson PC
                           1000 Maine Ave. SW, Ste 1000
                           Washington, DC 20024

                           Brian Gregory Strand, Esq.
                           Danielle Joy Healey, Esq.
                           Fish and Richardson PC
                           1221 McKinney St - Ste 2800
                           Houston, TX 77010

                           W. Thomas Jacks
                           Fish & Richardson P.C.
                           111 Congress Avenue, Suite 810
                           Austin, TX 78701

For Defendant Federation Internationale de l'Automobile:

                           Claudia Wilson Frost, Esq.
                           Jeffrey Lance Johnson, Esq.
                           Orrick, Herrington & Sutcliffe LLP
                           609 Main, 40th Floor
                           Houston, TX 77002

                           Travis Jensen, Esq.
                           Orrick, Herrington & Sutcliffe LLP
                           1000 Marsh Road
                           Menlo Park, CA 94025-1015

                           Jeff Quilici, Esq.
                           Orrick, Herrington & Sutcliffe LLP
                           300 West 6th Street, Suite 1850
                           Austin, TX 78701
```

```
 1  For Defendants Formula One Management Ltd, Delta Topco Ltd,
      Formula One World Championship:
 2
                              Timothy S. Durst, Esq.
 3                            Harrison Rich, Esq.
                              Douglas M. Kubehl, Esq.
 4                            Baker Botts L.L.P.
                              2001 Ross Avenue, Suite 600
 5                            Dallas, TX 75201-2980

 6  For Defendant Red Bull:  Deron R Dacus, Esq.
                              The Dacus Firm, P.C.
 7                            821 ESE Loop 323, Suite 430
                              Tyler, TX 75701
 8
                              Edgar Haug, Esq.
 9                            Roman Khasidov, Esq.
                              Mark A. Chapman, Esq.
10                            Haug Partners, LLP
                              745 Fifth Avenue, 10th Floor
11                            New York, NY 10151

12  For Defendant Dallara Automobili S.P.A.:

13                            Brian S. Jones, Esq.
                              Bose McKinney & Evans LLP
14                            111 Monument Circle, Suite 2700
                              Indianapolis, IN 46204
15
    Court Reporter:           Kristie M. Davis, CRR, RMR
16                            PO Box 20994
                              Waco, Texas 76702-0994
17                            (254) 340-6114

18

19      Proceedings recorded by mechanical stenography, transcript

20  produced by computer-aided transcription.

21

22

23

24

25
```

10:33  1   when your expert prepares his or her report and wants to say
10:33  2   that the defendants' products infringe this element because --
10:33  3   and that the reason why is it has everything that you have
10:33  4   identified in your buttressing, let me tell you, you're not
10:33  5   going to -- it's not going to hurt you for your expert to say
10:33  6   the reason we think they infringe is because what they do reads
10:33  7   on our preferred embodiment.
10:33  8         And so I'm not anticipating an 02 Micro issue here just
10:33  9   because you say that it doesn't infringe because it does that.
10:33  10  That, to me, is probably your best argument for what it's
10:34  11  worth.  And I don't care what your arguments are.  That's not
10:34  12  my role.
10:34  13        But I'm just saying that my reduction, as it were, of
10:34  14  the preliminary construction to plain and ordinary meaning in
10:34  15  no way prevents you, the plaintiff, from arguing that the
10:34  16  products infringe because of exactly the way you read the plain
10:34  17  and ordinary meaning to be.
10:34  18        So with that being said, the Court is going to adopt the
10:34  19  construction of plain and ordinary meaning for this claim term.
10:34  20        The next claim term is "second linearly extending
10:34  21  structural unit" and "the second structural units."
10:34  22        I'll start with the defendants since Mr. Davis has already
10:34  23  told me that they are in agreement -- or the plaintiff is in
10:34  24  agreement with my construction.
10:34  25        MR. RICH:  Yes, Your Honor.

```
10:34   1              This is Harrison Rich from Baker Botts on behalf of the
10:34   2   defendants.
10:35   3              THE COURT:  Yes, sir.
10:35   4              MR. RICH:  And we disagree with the Court's construction.
10:35   5   So we would like to have a discussion about it.
10:35   6              May I proceed, Your Honor?
10:35   7              THE COURT:  Oh, of course.  I didn't make that clear.
10:35   8   Yes.  Of course.
10:35   9              MR. RICH:  Okay.  So, Your Honor, the next terms are
10:35  10   related terms that appear in Claim 2.  And the two terms are
10:35  11   "second linearly extending structural unit" and "the second
10:35  12   structural units."
10:35  13              And the Court adopted a plain and ordinary meaning for the
10:35  14   preliminary construction.  And defendants are going to stand on
10:35  15   their briefing as to the indefiniteness issue for this term.
10:35  16   But we do want to discuss the plain and ordinary meaning
10:35  17   construction in light of the mismatch between the singular and
10:35  18   plural usage of these terms.
10:35  19              So with that preview, I want to take a quick look at Claim
10:36  20   2.  We've highlighted the two terms that we're discussing here
10:36  21   on Slide 44.  And I want to start with the second recitation of
10:36  22   the claim term, "the second structural units."
10:36  23              That recitation is unquestionably plural because it ends
10:36  24   in S.  And it's introduced with the article "the," meaning we
10:36  25   have to look earlier in the claim for the antecedent.  And when
```

```
10:36  1   we do that, we see that the antecedent is "second linearly
10:36  2   extending structural unit."  That's a singular recitation.
10:36  3         So the problem here is we have a plural recitation of the
10:36  4   term, referring back to a singular recitation of the term.
10:36  5         Now, we understand from the briefing that plaintiff views
10:36  6   the plain and ordinary meaning of both of those two terms to
10:36  7   require plural second structural units.
10:36  8         Now, I've excerpted the relevant parts of plaintiff's
10:36  9   brief on Slide 45.  At the top of this slide we see that the
10:37 10   plaintiff equated the third aspect of the invention to Claim 2,
10:37 11   which is the claim that these terms appear in.
10:37 12         And then in the section where these terms were being
10:37 13   argued, plaintiff stated that the plural usage is correct when
10:37 14   dealing with the third aspect, which they equated to Claim 2.
10:37 15         And that's consistent with everything else that the
10:37 16   plaintiff cited in the argument on these terms.  All of the
10:37 17   intrinsic evidence that plaintiff cited was plural usage of
10:37 18   "second linearly extending structural units."
10:37 19         We see here on Slide 46 these are the figures that
10:37 20   plaintiff cited in the briefing.  Figure 22 on the left, we've
10:37 21   highlighted the second structural units blue.  Those are shown
10:37 22   in plural.
10:37 23         And on the right we cited -- plaintiff cited Figure 26A.
10:37 24   And, again, we've highlighted blue, "the second linearly
10:37 25   extending structural units."  And those are again shown in
```

KRISTIE M. DAVIS, OFFICIAL COURT REPORTER
U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (WACO)

```
10:38   1   plural here.
10:38   2        Same with the detailed description citations in
10:38   3   plaintiff's brief.
10:38   4        All of those parts of the specification that were cited
10:38   5   show plural second structural units.  There are no instances in
10:38   6   the cited parts of the specification where a singular second
10:38   7   linearly extending structural unit is disclosed.  So we
10:38   8   understand that plaintiff has argued that the plain and
10:38   9   ordinary meaning of these two terms refers to plural second
10:38  10   linearly extending structural units.
10:38  11        Now, if plaintiff is going to walk away from its assertion
10:38  12   that the plural usage is correct for these terms, we'd like to
10:38  13   hear that now because we need to be in a position to prepare
10:38  14   our defenses on these terms.
10:38  15        Otherwise, we're going to proceed with the understanding
10:38  16   that these two terms require plural usage, as plaintiffs stated
10:39  17   in the briefs.
10:39  18        THE COURT:  Mr. Davis?
10:39  19        MR. DAVIS:  Yes, Your Honor.  Thank you for the
10:39  20   opportunity to respond.
10:39  21        I think what our expert, Mr. Syson, said and what we cited
10:39  22   in our brief was that a person of ordinary skill in the art
10:39  23   would understand these terms to mean "unit" or "units."  So it
10:39  24   could be singular or plural.
10:39  25        And the figures that were shown just a moment ago are
```

10:39  1  embodiments from the patent.  Obviously, the fact that they're
10:39  2  embodiments doesn't mean that the claim should be limited to
10:39  3  that.  We acknowledge that there -- unfortunately, it does
10:39  4  appear there has been a typographical error.  But we think,
10:39  5  based on our expert's testimony, that a person of ordinary
10:39  6  skill in the art would read it that way.
10:39  7         An additional point that I will raise, Your Honor, is that
10:39  8  looking at the claim as a whole, the inventor chose to claim
10:39  9  that in describing the first linear extension, as saying there
10:40 10  are at least three.
10:40 11         If, in fact, what counsel is suggesting is that there
10:40 12  should be uniformity in how the claim is interpreted if these
10:40 13  were meant to be purely plural, then one would have expected
10:40 14  the claims to say at least two.
10:40 15         That's not what the claims say.  They started with "unit,"
10:40 16  singular.  And the position we have taken and advocated for is
10:40 17  that it would mean "unit" or "units."
10:40 18         We think the Court's construction -- certainly we don't
10:40 19  think that this is indefiniteness -- indefinite.  And we think
10:40 20  that the Court's proposed construction, plain and ordinary
10:40 21  meaning, is the right one.
10:40 22         THE COURT:  Well, I understand -- here's the problem.
10:40 23  What I don't want to have at trial is a situation where you all
10:40 24  are arguing over what the plain language means and doesn't
10:41 25  mean.

10:41  1           So here's what I'm going to do on this one.  I'm going
10:41  2   to -- I don't -- we did not find it indefinite.  I'm not going
10:41  3   to find it indefinite.
10:41  4           But here's what we're going to do -- here's my invitation:
10:41  5   When the plaintiff proffers to the defense counsel its
10:41  6   infringement contentions and takes a position with regard to
10:41  7   infringement with respect to whether or not these claim
10:41  8   elements are met, if there is an issue that defendants believe
10:41  9   exists over -- which is a Markman issue, meaning you believe
10:41 10   that the position that the plaintiff's expert or experts have
10:41 11   taken is not the plain and ordinary meaning, as it should be
10:41 12   understood in terms of the patent, then I want the defendants
10:42 13   to come back at that time, and I will look and see if I find
10:42 14   that the plaintiff -- that the plaintiff's expert's
10:42 15   construction -- sorry -- opinion based on its construction and
10:42 16   use of the plain and ordinary meaning of this claim term,
10:42 17   "second linearly extending structural unit" and the "second
10:42 18   structural units," is appropriate or not.
10:42 19           And if it is, then I will -- if I find -- if you come to
10:42 20   me at that stage, I'll make a determination either that the
10:42 21   plaintiff's expert is correct or, at least not correct, meaning
10:42 22   there's infringement, just correct in terms of the use of the
10:42 23   claim term.  And I will allow, if you proceed to trial, with an
10:42 24   understanding that the plaintiff's interpretation of plain and
10:43 25   ordinary meaning is correct.

10:43  1      Obviously, if I find that the plaintiff has taken a
10:43  2  position that I determined not to be the plain and ordinary
10:43  3  meaning, given the difference between a "second linearly
10:43  4  extending structural unit" on the one hand and the use of the
10:43  5  word the "second structural units" on the second, then I will
10:43  6  make my determination at that time that the plaintiff's
10:43  7  application of plain and ordinary meaning is incorrect.
10:43  8      I don't know if that will mean the filing of a motion for
10:43  9  summary judgment or what, but I think we're not -- we won't go
10:43 10  to trial on this if the defendants don't want to, with the
10:43 11  parties having a different position on what is meant by "second
10:43 12  linearly extending structural unit" and whether it's singular
10:43 13  or plural.  Once we have the infringement opinions, I will make
10:44 14  my determination at that time as a matter of law.
10:44 15      So I think that resolves this claim term and leaves us
10:44 16  with the final one, which begins with "wherein the
10:44 17  strengthening member has..."  And, again, Mr. Davis told me
10:44 18  earlier that the plaintiff is copacetic with the Court's
10:44 19  preliminary construction.  Therefore, I will hear from counsel
10:44 20  for the defendants as to why they believe it's indefinite.
10:44 21      MS. FROST:  Good morning, Your Honor.  It's Claudia Frost.
10:44 22  I'm going to argue this term for the defendants.
10:44 23      And in the brief time we have left, I'm going to focus on
10:44 24  the limitations that are set out on Slide 53 if I can get that
10:44 25  put up.