# EXHIBIT 6

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Texas

| | |
|---|---|
| JENS H.S. NYGAARD | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 6:20-cv-00234-ADA |
| FÉDÉRATION INTERNATIONALE DE L'AUTOMOBILE, FORMULA ONE MANAGEMENT LTD., FORMULA ONE WORLD CHAMPIONSHIP, MERCEDES-BENZ GRAND PRIX LTD., DAIMLER AG, LEWIS HAMILTON, RED BULL TECHNOLOGY LTD., RED BULL RACING LTD., FERRARI S.P.A., CHARLES LECLERC, AND DALLARA AUTOMOBILI S.P.A, | ) ) ) ) ) ) JURY TRIAL DEMANDED ) |
| *Defendants.* | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  IndyCar LLC, c/o Gretchen Snelling
 4790 W 16TH Street Indianapolis, IN 46222-0000

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place:   Fish & Richardson P.C.<br> 1221 McKinney Street, Suite 2800<br> Houston, TX 77010 | Date and Time:<br>August 9, 2021<br>10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  July 19, 2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | */s/ Danielle Joy Healey* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Jens H.S. Nygaard
, who issues or requests this subpoena, are:

Danielle J. Healey | healey@fr.com | (713) 654-5310
Fish & Richardson P.C., 1221 McKinney Street, Suite 2800 Houston, TX 77010

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a  notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.        6:20-cv-00090-ADA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                *Server's signature*

                                        _____
                                                *Printed name and title*

                                        _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A TO SUBPOENA FOR DOCUMENTS
## DIRECTED TO INDYCAR LLC

The following definitions shall apply throughout these requests, regardless of whether upper or lower case letters are used:

1.      "Plaintiff" shall refer to Jens H.S. Nygaard.

2.      The terms "IndyCar," "You," and "Your" shall mean IndyCar LLC together with all past and present parents, controlled and affiliated companies, subsidiaries and divisions of any of the foregoing, and all actual or alleged predecessors and successors to the foregoing, including all and present agents, directors, principals, officers, employees, and representatives, consultants, attorneys, and anyone acting on behalf of any of the foregoing.

3.      The term "Defendants" shall collectively refer to Fédération Internationale de l'automobile ("FIA"), Formula One Management Ltd., Formula One World Championship, Mercedes-Benz Grand Prix Ltd., Daimler AG, Lewis Hamilton, Red Bull Technology Ltd., Red Bull Racing Ltd., Ferrari S.p.A., Charles Leclerc, and Dallara Automobili S.p.A., Defendants in this litigation.

4.      The term "Document" is used herein in its broadest sense under Rule 34 of the Federal Rules of Civil Procedure and applicable case law.  A draft or non-identical copy is a separate document within the meaning of this term.  "Document" shall include, without limitation, all written, graphic or otherwise recorded material, including without limitation, microfilms or other film records or impressions, electronically stored information regardless of the form of storage medium, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature,

recordings of conversations either in writings or upon any mechanical or electrical recording devices, including e-mail, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original.  The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail.

5.      "Electronically stored media" means data or information on electronic media, such as tapes, servers, or drives, that are not readily available for use in the ordinary course of business.  Data or information that is accessible in the ordinary course of business is not "electronically stored media" even if kept in electronic form.

6.      "Thing(s)" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(B) of the Federal Rules of Civil Procedure and includes any tangible object other than a Document including, without limitation, objects of every kind and nature, as well as prototypes, models, or physical specimens thereof.

7.      "Relating to" or "relate to" includes, but is not limited to, the following meanings: pertaining to; concerning; discussing; mentioning; containing; reflecting; evidencing; constituting; describing; displaying; showing; identifying; proving; disproving; consisting of; supporting; contradicting; in any way legally, logically, or factually connected with the matters referenced; or having a tendency to prove or disprove any matter referenced.

8.    "Communication" (or any variant thereof) means any contact between or among two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document; and any writings memorializing any oral contact such as face-to-face meetings or telephone conversations.

9.    "The '178 Patent" means U.S. Patent No. 7,494,178.

10.    "Patent-in-Suit" means the '178 patent.

11.    "The Present Litigation" means Plaintiff's lawsuit against Defendants, alleging infringement of the Patent-in-Suit in the United States District Court for the Western District of Texas, Case No. 6:20-cv-00234-ADA.

12.    "Product" means a material, machine, manufacture, apparatus, device, instrument, mechanism, appliance, assemblage of components/parts (either individually or collectively), process, or method which are designed to function together electrically, mechanically, chemically, or otherwise, to achieve a particular function or purpose, including those offered for sale, sold, or under development.

13.     "Person" or "Entity" means any natural person, corporation, partnership, joint venture, unincorporated association, trust, government entity or any other entity, and/or his, her or its affiliates, joint ventures, agents, assigns, officers, directors, employees, representatives (including advisors), partners, attorneys and all persons acting or purporting to act on his, her or its behalf.

14.    "Identify," when used with respect to any natural person, means to state the person's full name and the person's present or last known address, telephone number, position/occupation and employer.

15.     "Identify," when used with respect to any legal entity (such as a corporation, company, or person other than a natural person) means to state the entity's name, the place of incorporation or organization, the principal place of business and the nature of the business conducted by that legal entity.

16.     "Identify," when used with respect to any document means to state the document's title and subject matter, form (e.g., letter, memorandum, email, etc.), document production number range, date, author(s), addressee(s), recipient(s), and name of its present custodian.

17.     "Identify," when used with respect to any communication means to identify the sender(s), recipient(s), and/or participant(s) of the communication and to state the date, subject matter, and nature (e.g., telephone call, meeting, letter, etc.) of the communication. If the communication was in person, also state the location.

18.     "Any" and "all" shall be construed to mean both any and all.

19.     "And/or" and the connectives "and" and "or" shall be construed either conjunctively or disjunctively, whichever makes the request most inclusive.

20.     The singular form of a word should be interpreted in the plural as well.

21.     It is understood that nothing within the Definitions, Instructions, or Requests for Production set forth within these discovery Requests shall be construed as any proposal, statement, or admission regarding the meaning of any term or phrase of any claim of the Patent-in-Suit.

## **INSTRUCTIONS**

1.     The instructions contained in Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of this Court are incorporated herein by reference and are supplemented as follows:

4

2.      These Requests shall apply to all Documents and Things in Your actual or constructive possession, custody, or control at the present time, or coming into Your actual or constructive possession, custody, or control during the litigation, including all such responsive Documents and Things located in the personal files of any and all past or present directors, officers, principals, managers, employees, attorneys, agents, representatives, contractors, consultants, or accountants of IndyCar.  If You know of the existence, past or present, of any documents and tangible things requested herein, but are unable to produce such documents and tangible things because they are not presently in Your possession, custody, or control, You shall so state and shall identify such documents or tangible things, and the person who has possession, custody, or control of such documents or tangible things.

3.      The form of production of documents and the numbering of such documents shall be performed in a manner that will allow Plaintiff to determine the source of each document.  All documents requested are to be produced in the same file or other organizational environment in which they are maintained.  Specifically, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket, or grouping in the same order or manner of arrangement as the original.  File folders with tabs or labels identifying documents should be produced intact with such documents.

4.      If any information is withheld under a claim of privilege, state the nature of the privilege claimed and provide sufficient information to permit a full determination of whether the claim is valid.  For allegedly privileged documents, include: (a) the name of the person making the communication, the name of the recipient of the communications, the names of the person(s) present while the communication was made, and, where not apparent, the relationship of the persons present and/or receiving the communication to the person making the

5

communication; (b) the date of the communication; (c) a description of the contents or nature of the communication; (d) the number of the discovery request or interrogatory to which the communication is responsive; and (e) an explanation of the basis for the asserted claim of privilege.

5.    To the extent You object to any part of the following Requests (or Definitions and Instructions applicable thereto), provide information responsive to that part of the Request to which You do not object, and state specifically each ground upon which objection is made.

6.    Any redacted document should be clearly stamped with the word "REDACTED," and the portions redacted should be clearly indicated.

7.    All Documents are to be produced in the same file or other organizational environment in which they are maintained.  For example, a Document that is part of a file, docket, or other grouping must be produced in the same order or manner of arrangement as the original. Alternatively, as to each Document and Thing produced in response hereto, You should identify the Request and where applicable, the Interrogatory number, in response to which the Document or Thing is being produced.  Documents which exist only on paper may be scanned and produced in .tiff format with load files.  Any comment or notation appearing on any Document, and not a part of the original text, is to be considered a separate Document.

8.    If any document responsive to these Requests has been destroyed, describe the content of said document, the location of any copies of said document, the date of such destruction, and the name of the person who ordered or authorized such destruction.

9.    If a Document is in a language other than English and an English translation exists, provide both documents.

10.     State, for each Request, whether or not there exists any documents within the scope of the Request and whether any such documents are within the possession, custody, or control of Defendants.

11.     Each Request shall be construed independently and not with reference to any other Request for the purpose of limitation, unless otherwise specified.

12.     In answering these Requests, You are requested to furnish all information in Your possession, custody, or control, and all information available to You upon reasonable inquiry. Unless otherwise indicated, these Requests seek information through the present.  These Requests shall be deemed continuing so as to require a prompt and further supplemental response if You obtain additional responsive information at any time between the time for the initial response and the time of hearing or trial.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to show audience viewing and engagement, including broadcast, pay-per-view, streaming, and cable or other presentation of races, such as streams, ratings, media metrics, web traffic metrics, social media engagement metrics, and surveys, of IndyCar events, including at least the IndyCar series, Indy Lights, Indy Pro 2000, and Cooper Tires USF2000 Championship, **since 2016**.

### REQUEST FOR PRODUCTION NO. 2:

Documents showing viewer reaction to driver safety for any of the IndyCar events, including at least the IndyCar series, Indy Lights, Indy Pro 2000, and Cooper Tires USF2000 Championship, whether such documents are in the form of online comments, surveys or other compilations or analysis **since 2011**, including but not limited to, the deaths of Dan Wheldon and Justin Wilson and the injuries to Richard Wickens.

7

**REQUEST FOR PRODUCTION NO. 3:**

Contracts covering any time period from **2015 through today**, with any Dallara entity, including Dallara LLC, Dallara Automobili S.p.A., Dallara Group, and Dallara U.S.A, to design, manufacture, supply, import, export, license or sell any designs, technology, products or services to IndyCar LLC, its affiliates and subsidiaries, or any team or driver for IndyCar events, including at least the IndyCar 500 series, Indy Lights, Indy Pro 2000, and Cooper Tires USF2000 Championship.

**REQUEST FOR PRODUCTION NO. 4:**

All contracts, purchase orders, invoices, reimbursements or other exchange of money, goods or services, in regard to the design, development, testing, or supply of the Aeroscreen or any of its components, **since 2018**.

**REQUEST FOR PRODUCTION NO. 5:**

All documents, including email and electronically stored media, regarding the design, development, testing, or supply of the Aeroscreen or any of its components, **since 2018**.

**REQUEST FOR PRODUCTION NO. 6:**

Business plans, planning documents, communications and emails and electronically stored data regarding the importance or significance or impact of driver safety on IndyCar events, including the Halo and Aeroscreen.

**REQUEST FOR PRODUCTION NO. 7:**

Business plans, planning documents, financial projections, financial analyses, or any other documents regarding the cost of injury or death of a driver, including but not limited to, the cost of investigation, medical indemnity, litigation, claims handling, settlement, adverse impact on brand or reputation, or compensation to the driver or his heirs or estate, insurance premiums,

8

government inquiries and fines—which refer to, among other things, the deaths of Dan Wheldon, Justin Wilson and the injuries to Richard Wickens.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show the revenue or compensation paid to Dallara LLC and/or Dallara Automobili S.p.A., or any of their affiliates or subsidiaries regarding the Aeroscreen's development, design, testing, and supply or sales of components or related services and products.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show the revenue or compensation paid to Dallara LLC and/or Dallara Automobili S.p.A., or any of their affiliates or subsidiaries for any service, product, advice, consulting, or other consideration, **since 2016**.

**REQUEST FOR PRODUCTION NO. 10:**

Contracts, proposals for contracts, purchase orders, invoices and other documents showing compensation for Red Bull Technology Ltd., Red Bull Advanced Technology or Red Bull Racing regarding development, design, testing and/or components for the Aeroscreen and related services and products, and/or for their use.

**REQUEST FOR PRODUCTION NO. 11:**

Communications with FIA regarding the Halo or Aeroscreen or other issues regarding protection for drivers' heads and necks.

**REQUEST FOR PRODUCTION NO. 12:**

Communications with IndyCar teams, race sites, race promoters, insurance and bond companies and their brokers or agents, drivers, units of federal, state or local governments in the U.S. and Canada regarding the Aeroscreen or Halo.

**REQUEST FOR PRODUCTION NO. 13:**

Documents regarding any accident where an Aeroscreen made contact with another car or object or protected the driver from debris or collision (e.g., tires, or with walls or other cars or other obstructions), including emails and electronically stored information, including but not limited to, video, photos, animations, and voice recordings.

**REQUEST FOR PRODUCTION NO. 14:**

Documents **since 2019**, regarding drafting or promulgation of rules, regulations, or installation or use of the Aeroscreen, including draft rules and regulations, comments on them, communications with Red Bull, Dallara, Pankl Racing Systems, and other makers of Aeroscreen components, and teams and drivers regarding the Aeroscreen.

**REQUEST FOR PRODUCTION NO. 15:**

Documents regarding safety measures and insurance against injuries to drivers for each IndyCar 500 and IndyLights race **since 2019**, including but not limited to the official practices in February 2020 at Circuit of the Americas and Texas Motor Speedway.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to show revenues related to IndyCar racing, including ticket sales, site fees, entry fees, media fees or payments, royalties, license revenue, television and/or radio and/or streaming and/or other video rights, sponsorship, endorsements, and other sources, **since 2016** on a per event basis and for the season.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to show the amount and method of allocation of revenues, expenses, and costs, as well as profits and losses, among Penske Entertainment, IndyCar, the

Indianapolis Motor Speedway, IMS Productions, any IndyCar and IndyLights team and drivers, any racing venues, and any racing promoters or sites **since 2016**.

**REQUEST FOR PRODUCTION NO. 18:**

All documents regarding any federal, local or state government investigations of accidents or deaths in IndyCar or IndyLights events from **2011 to present**, including but not limited to, the deaths of Dan Wheldon and Justin Wilson as well as the injuries to Richard Wickens, any other driver who suffered a head or neck injury while racing, and the accidents involving the Aeroscreen in 2020 and 2021.

**REQUEST FOR PRODUCTION NO. 19:**

All documents regarding any dispute resolution, arbitration, lawsuit or negotiations to settle or resolve claims arising out of the deaths of Dan Wheldon and Justin Wilson or the injuries to Richard Wickens or any other driver with a head or neck injury.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to show the amount and method of allocation of revenues, expenses, and costs, as well as profits and losses for all revenue and costs that are ***not associated and cannot be allocated to a specific race***, among Penske Entertainment, IndyCar, the Indianapolis Motor Speedway, IMS Productions, IndyCar teams, IndyLights teams, race promoters, venue, other teams and Hulman & Company on a monthly basis **since 2016**.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents, including emails and electronically stored media, that mention, refer, relate to or otherwise were received from any source about the '178 patent and/or the Present Litigation and/or Jens H.S. Nygaard or his claims.

11

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to identify by name, including contact information, the promoters, venues, drivers, and teams for each IndyCar 500 and IndyLights race **since 2018**.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show contracts, revenue, payments or fees to or from IndyCar LLC, IMS Productions, Penske Entertainment, and any race promoters, teams or drivers and Circuit of the Americas and/or Texas Motor Speedway covering the time period from **2016 to present**.

**REQUEST FOR PRODUCTION NO. 24:**

Documents regarding pre and post-race inspections, certifications, and photos that are sufficient to show the placement of the Aeroscreen on each car for each IndyCar 500 or IndyLights event **since 2020**.

**REQUEST FOR PRODUCTION NO. 25:**

All documents **since 2020** showing discussion of or planning for design changes, materials changes and supplier changes for the Aeroscreen or any of its components, including emails and electronically stored media.