# EXHIBIT 7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| JENS H.S. NYGAARD<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FÉDÉRATION INTERNATIONALE DE L'AUTOMOBILE, FORMULA ONE MANAGEMENT LTD., FORMULA ONE WORLD CHAMPIONSHIP, MERCEDES-BENZ GRAND PRIX LTD., DAIMLER AG, LEWIS HAMILTON, RED BULL TECHNOLOGY LTD., RED BULL RACING LTD., FERRARI S.PA., CHARLES LECLERC., and DALLARA AUTOMOBILI S.P.A,<br><br>　　　　Defendants. | Case No. 6:20-cv-00234-ADA |

**DEFENDANTS RED BULL TECHNOLOGY LTD. AND RED BULL RACING LTD.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF (NOS. 1–4)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and subject to the Local Rules and any discovery plan or other order the Court has entered or may enter, defendants Red Bull Racing Ltd. and Red Bull Technology Ltd., through their counsel, request that plaintiff Jens H.S. Nygaard answer the following interrogatories, separately and fully, in writing and under oath, within thirty (30) days of service.

## DEFINITIONS

1.　　"Patent-in-Suit" or "'178 patent" means United States Patent No. 7,494,178.

2.　　"Related Patent" means any patent application or issued patent filed or issued in any country or region that is in any way related to the Patent-in-Suit, including without limitation

any parent application, parent patent, application for reexamination, reexamination certificate, reissue application, reissue patent, continuation, continuation-in-part, divisional application, provisional application, child application, child patent, foreign counterpart patent application, foreign counterpart patent, foreign patent or application claiming the same subject matter as the Patent-in-Suit, or foreign patent or application related to the Patent-in-Suit by a claim of priority (including pending or abandoned applications).

3. "Document" shall have a comprehensive meaning, in the broadest sense available as that term is used in Rule 34(a) of the Federal Rules of Civil Procedure, subject to any discovery plan or other order the Court has entered or may enter.

4. "Communication" means any transmittal (unilateral or bilateral) of information (in the form of facts, ideas, inquiries or otherwise) by oral, written, telephonic, electronic or radio frequency transmission, or by any other means.

5. "Identify" or "identification" with respect to persons means to give, to the extent known, the person's full name, present or last known address, and, with respect to a natural person, the present or last known place of employment. "Identify" or "identification" with respect to documents means to give, to the extent known, the: (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s), and the production number(s) where produced. "Identify" or "identification" with respect to an entity means to give, to the extent known, the entity's present full name, business name and/or trade name, any former names used by such entity, and its present or last known address.

6. "Asserted Claims" means the claims of the Patent-in-Suit that Plaintiff alleges are infringed by one or more of the Accused Products.

7. "Accused Products" means all Products that Plaintiff alleges infringe or infringed any claim of the Patent-in-Suit, including the accused Halo, the accused Aeroscreen, and the accused vehicles that include the Halo or the Aeroscreen.

8. "RBR" means defendant Red Bull Racing Ltd. and its employees, officers, representatives, attorneys and agents.

9. "RBT" means defendant Red Bull Technology Ltd. and its employees, officers, representatives, attorneys and agents.

10. "Plaintiff", "Nygaard", "you", and "your" refers to plaintiff Jens H.S. Nygaard and his employees, consultants, partners, attorneys, representatives and agents.

11. "Product" includes hardware and/or software and shall encompass, without limitation, all models, prototypes, and modifications thereof.

12. "Person" means any natural person or any business, legal or governmental entity or association.

13. "Information" means information in any form, including but not limited to documentary, electronic, graphical, or tabular, and communicated by any means, including but not limited to orally, in writing or via electronic communication.

14. "Referring," "related," "relating" or "concerning" mean related to, regarding, concerning, making reference to, pertaining to, mentioning, discussing, representing, embodying, illustrating, describing, reflecting, supporting, negating, rebutting, contradicting, evidencing, and/or constituting.

15. "Any" shall be understood in either its most or least inclusive sense as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed as outside the scope of the interrogatory.

16. "Including" means "including without limitation."

17. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a discovery request all responses that might otherwise be construed to fall outside its scope.

18. The use of the singular form of any words includes the plural and vice versa. Any pronoun shall be construed to refer to the masculine, feminine, or gender neutral, as appropriate.

## INSTRUCTIONS

1. Each interrogatory must be answered with your entire knowledge, available from all sources, including all information and documents in your possession, custody or control, or in the possession, custody or control of any of your agents, officers, employees, partners, representatives, and attorneys, or otherwise available to you.

2. If you cannot answer any interrogatory fully, completely, and in detail, after exercising due diligence to make inquiry and secure the information necessary, so state, and: (1) answer such interrogatory to the extent possible; (2) specify the portion of such interrogatory that you are unable to answer fully, completely, and in detail; and (3) state the reason why such portion cannot be answered. If your response is qualified in any particular respect, set forth the details of such qualification.

3. If the attorney-client privilege, work product immunity, or any other privilege or protection is asserted as to any interrogatory, state the following:

(a) the specific ground(s) for not responding to the interrogatory in full;

(b) the bases for such a claim of privilege or immunity; and

(c) the information, document, or material for which such privilege or immunity is asserted, including the name of any document, the name, address and title of its author, each addressee, and each person to whom a copy of the document or thing has been sent or received.

4. If you object to any portion or subpart of a request for information or object to providing certain information requested, state your objection and answer any unobjectionable portion(s) or subpart(s) of the request for information and/or supply the unobjectionable information requested.

5. To the extent you allege that the meaning of any term in these interrogatories is unclear, then you are to assume a reasonable meaning, state that assumed reasonable meaning and answer the interrogatory on the basis of that assumed meaning.

6. If, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, you opt to produce documents in lieu of or in addition to a descriptive written response to an interrogatory, indicate for each document provided the number of the interrogatory to which it is responsive and the production number(s) of the documents identified for each response.

7. Please take notice that these interrogatories are submitted for the purposes of discovery and are not to be taken as waiving any objections to the introduction of any evidence on subjects covered by these interrogatories.

## INTERROGATORIES

**Interrogatory No. 1:**

Separately for RBR and RBT, identify and describe in detail each and every instance, prior to the commencement of this action, in which Plaintiff had any contact or communication with RBR or RBT regarding the '178 patent, any Related Patent, any Accused Product, or any related subject matter, including each instance in which Plaintiff provided notice to RBR or RBT

of the '178 patent, of any Related Patent, or of any contention that RBR or RBT infringed the '178 patent or any Related Patent, including the person(s), place(s) and date(s) associated with each such instance, and identify all related documents and things and all persons with related knowledge.

**Interrogatory No. 2:**

For each Asserted Claim for which you contend that RBR or RBT allegedly has induced infringement, state in full the basis for your contention, separately for RBR and RBT, including identifying and describing in detail every alleged act of direct infringement that RBR or RBT allegedly induced and every alleged act of inducement by RBR or RBT, including your basis for contending that RBR or RBT knew about the '178 patent and knew that the allegedly induced act constituted infringement, and your basis for contending that RBR or RBT actively and knowingly aided and abetted and specifically intended to cause or encourage the alleged direct infringement, and identify all related documents and things and all persons with related knowledge.

**Interrogatory No. 3:**

For each Asserted Claim for which you contend that Plaintiff should recover infringement damages from RBR or RBT under 35 U.S.C. § 284, state in full the basis for your contention, separately for RBR and RBT, including describing the amount and type of damages (*e.g.*, lost profits, reasonable royalty, established royalty, ongoing royalty, etc.) that you contend should be recovered and the basis for your contention, including in the case of a reasonable royalty the royalty base and the royalty rate, how each of the *Georgia-Pacific* factors affects the reasonable royalty, what the smallest saleable unit containing the patented feature is, the portion of the value of the Accused Product attributable to the patented feature, and any cost savings or

insurance value that result from the patented feature, and identify all related documents and things and all persons with related knowledge.

**Interrogatory No. 4:**

For each Asserted Claim for which you contend that RBR or RBT has willfully infringed and that Plaintiff should recover enhanced damages under 35 U.S.C. § 284, state in full the basis for your contention, separately for RBR and RBT, including identifying and describing in detail every alleged act of willful infringement by RBR or RBT, including your basis for contending that RBR or RBT knew about the '178 patent and willfully infringed and that this conduct constituted an egregious case of misconduct beyond typical infringement, and identify all related documents and things and all persons with related knowledge.

Dated: April 16, 2021              /s/ Edgar H. Haug

Deron R. Dacus
State Bar No. 00790553
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

Edgar H. Haug (pro hac vice)
Mark A. Chapman (pro hac vice)
Roman Khasidov (pro hac vice)
HAUG PARTNERS LLP
745 Fifth Avenue, 10th Floor
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

*Attorneys for defendants Red Bull Racing Ltd. and Red Bull Technology Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record on April 16, 2021.

/s/ Roman Khasidov
Roman Khasidov