# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| JENS H. S. NYGAARD<br><br>Plaintiff,<br><br>v.<br><br>FÉDÉRATION INTERNATIONALE DE L'AUTOMOBILE, FORMULA ONE MANAGEMENT LTD., FORMULA ONE WORLD CHAMPIONSHIP LTD., MERCEDES-BENZ GRAND PRIX LTD., DAIMLER AG, LEWIS HAMILTON, RED BULL TECHNOLOGY LTD., RED BULL RACING LTD., FERRARI S.P.A., CHARLES LECLERC, AND DALLARA AUTOMOBILI S.P.A.,<br><br>Defendants. | Civil Action No. 6:20-cv-00234-ADA<br><br>JURY TRIAL REQUESTED |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT (ECF 262)**

Defendants have moved for partial summary judgment of non-infringement of claim 2 of the patent-in-suit, U.S. Patent No. 7,494,178 ("the '178 patent"). The motion (Dkt. No. 262) asks the court to first re-construe one of the claim terms (to which the Court already assigned a plain and ordinary meaning construction), and then on the basis of the revised construction, find non-infringement. Plaintiff agrees that, if the Court applies Defendants' revised construction, there is no infringement; however, Defendants' proposed revision is wrong, and therefore the Court should deny the motion for summary judgment.

Among other things, Claim 2 requires:

> A strengthening member for mounting in a vehicle, formed of at least three first linearly extending structural units placed in a triangular arrangemeeet, for extending from the front structure of the vehicle and **second linearly extending structural unit joining the at least three first linearly extending units, the second structural units being not horizontal**…

At claim construction, Defendants asked the Court to find the emphasized limitation indefinite, arguing because the first use of second linearly extending structural unit was singular, and the following reference plural, the claim could not be understood. Dkt. No. 179 at 18−20. The Court rejected this request, and found in the context of this mechanical invention, claim 2 was sufficient for a person of ordinary skill in the art to understand its plain and ordinary meaning. Dkt. No. 207.

Having failed to show that the term was indefinite, Defendants now seek to re-argue claim construction with a different theory to improperly limit the ordinary meaning of the limitation. Plaintiff has evidence of one second linearly extending unit in the accused devices, but not two or more second structural units. Accordingly, Defendants now propose to construe the limitation to require in all instances at least two second structural units. This proposed construction is wrong because it takes the phrase out of context of the claims and the specification, which demonstrate that there can be one second structural unit, or more than one second structural unit, as long as the second structural unit(s) are not

horizontal. Moreover, the proposed construction directly conflicts with established Federal Circuit case law regarding the appropriate way to construe plural terms. Finally, the proposed construction conflicts with the position Defendants adopted in their Final Invalidity Contentions. Since Defendants' proposed construction requiring "at least two" second structural units is wrong, the Court should deny their motion for summary judgment of non-infringement.

## I. THE PATENT DOES NOT SUPPORT READING IN A REQUIREMENT FOR "AT LEAST TWO" SECOND LINEARLY EXTENDING STRUCTURAL UNITS

Defendants' effort to re-construe the plain and ordinary meaning of the limitation is not consistent with how a skilled artisan would understand claim 2 in light of the patent. Defendants argue that because the second part of the phrase recites plural second structural units, the ordinary meaning of the limitation requires at least two units. But the first part of the limitation, which describes the purpose of the second structural unit in constructing the strengthening member—to join the at least three first structural units—recites only a singular "unit." The second part of the limitation (the part Defendants rely on to support their argument for re-construction) requires only that the second structural units must not be horizontal, regardless of whether one unit or more units are used in constructing the strengthening member. This is consistent with the opinion of Mr. Syson, Plaintiff's expert, who illustrated during claim construction that one of ordinary skill in the art would understand the use of the second linearly extending structural unit as a component in constructing the strengthening member. Ex. A (Declaration of Steven Syson, Dkt. No. 172-3) at ¶54. A skilled artisan would know from the context that he may use one or more second linearly extending structural units to create the member. *Id*. at ¶¶53−54.

The remainder of Claim 2 is consistent with the reading that one or more second linearly extending structural units may be used to build the strengthening member. Claim 2 recites "at least" three first linear extending structural units used for the purpose of forming the strengthening member, clearly stating that there must be three or more. Conspicuously, when Claim 2 describes the purpose of

the second linearly extending structural unit—to join the at least three first structural units—Claim 2 does not say "at least two," or any other similar language requiring plural units. Rather, Claim 2 only pluralizes the second structural units in the clause describing not their purpose, but merely their orientation (*i.e.*, "not horizontal"). The same pattern appears in claim 8 and dependent claim 9. Claim 8 refers to the "second linearly extending structural unit joining the three first linearly extending units," using the singular "unit" when describing how it is used in constructing the strengthening member. Claim 9 only adds the further limitation that "the second structural units are not horizontal," and refers to "unit" in the plural.

Claim 11 likewise uses "at least" to specify when multiple components are required with respect to the strengthening member.

> A road vehicle comprising **at least** one strengthening member fixed to a structure of the vehicle and extending in front of the driver's position, wherein the strengthening member is dimensioned so that the strengthening member will not prevent the driver seeing an object which is at least two meters from the front windscreen, when the driver uses binocular vision and without requiring the driver to the move the driver's head, wherein the strengthening member is formed of **at least** three first linearly extending structural units, extending from the front structure of the vehicle to the top frame of the front windscreen and **at least** two second linearly extending structural units joining the **at least** three first linearly extending units, **at least** two of the first linearly extending structural units lying substantially in line with the normal position of the driver.

Crucially, Claim 11 does specify that there must be "**at least two** second linearly extending structural units joining the at least three first linearly extending units," lending further weight to fact that it is inappropriate to read that limitation into Claim 2, where it is absent. *See, e.g.*, *Karlin Tech., Inc. v. Surgical Dynamics, Inc.*, 177 F.3d 968, 971−72 (Fed. Cir. 1999) (Claim differentiation "is ultimately based on the common sense notion that different words or phrases used in separate claims are presumed to indicate that the claims have different meanings and scope"); *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2004) ("Differences among claims can also be a useful guide in understanding the meaning of particular claim terms.").

Federal Circuit precedent also cuts against Defendants' argument since "plural can describe a universe ranging from one to some higher number, rather than requiring more than one item." *Versa Corp. v. Ag–Bag Int'l Ltd.*, 392 F.3d 1325, 1330 (Fed. Cir. 2004) (finding that the use of "channels" in the plural does not require multiple channels); *Dayco Products, Inc. v. Total Containment, Inc.*, 258 F.3d 1317, 1328 (Fed. Cir. 2001) (finding that the use of "recesses" in the plural can be understood to mean a "single recess"). "[T]here is no presumption that the plural requires two or more of an item." *Delta T LLC v. MacroAir Techs.,* No. EDCV 20-728-GW-JPRx, 2021 WL 3721455, at *8 (C.D. Cal. Mar. 29, 2021) ("The Court finds that the term "openings" is not limited to two or more openings."). The facts of *Delta* are squarely on point with the situation at hand. In *Delta*, the court based its conclusion in part on the fact that one independent claim referred to a "plurality of openings," while another simply referred to "openings." *Id.* The Court in *Delta* found this to indicate that "the drafter used 'plurality' when intending to refer to two or more." *Id.* Here, independent claim 11 refers to "at least two second linearly extending structural units" while independent claim 2 simply refers to "second structural units." This (along with other uses of the term "at least") indicates that the drafter used the term "at least" when intending to refer to multiples.

The Court in *Delta* expressly found that "[e]ven if the embodiments in the specification only disclose two or more openings, it is improper to limit the claims based only on the description of the preferred embodiments in the specification." *Id.* at *9. This, too, tracks the situation here. Defendants attempt to improperly limit claim 2 to the embodiments shown in the figures (in particular, Fig. 22) with their argument that the specification does not support a reading of only one secondary structural unit. (Dkt. No. 262 at 3). The figures, however, do not control construction of the terms. "It is well established that claims are not limited to preferred embodiments, unless the specification *clearly* indicates otherwise." *WesternGeco LLC v. ION Geophysical Corp.,* 889 F.3d 1308, 1324 (Fed. Cir. 2018) (emphasis added). "Embodiments in the specification—even if there is only one embodiment—

4

cannot limit the scope of the claims absent the patentee's words or expressions of manifest exclusion or restriction." *Apple, Inc. v. Wi-Lan*, No. 2020-11, 2022 U.S. App. LEXIS 3181, at *10(Fed. Cir. Feb. 4, 2022) (internal quotations omitted) (citing *Hill-Rom Servs., Inc. v. Stryker Corp.*, 755 F.3d 1367, 1371 (Fed. Cir. 2014)); *see also JVW Enters. v. Interact Accessories*, 424 F.3d 1324, 1335 (Fed. Cir. 2005) ("We do not import limitations into claims from examples or embodiments appearing only in a patent's written description, *even when a specification describes very specific embodiments of the invention* or even describes only a single embodiment, unless the specification makes clear that 'the patentee . . . intends for the claims and the embodiments in the specification to be strictly coextensive.'") (citing *Phillips v. AWH Corp.*, 415 F.3d 1303, 1323 (Fed. Cir. 2005)) (emphasis added). Nothing in the specification makes clear that Nygaard intended for the claims to be limited this way, and it would be improper to read the limit into the claim.

Moreover, Defendants' narrow focus on the figures ignores the specification's detailed description of figure 22 in column 17. The parts labeled 31 and 32 are struts. '178 Patent, Col. 17, ln. 30. The specification is clear that these struts can be deployed in multiple ways, including a "lattice design [that] can be cut and folded *from one sheet*." Thus, the patent's specification explicitly describes an embodiment which would combine multiple struts into a *single unit* (made from one folded sheet). '178 Patent, Col. 17, lns. 33-36. This is consistent with the specification's broader statement that the "[s]trengthening members and strengthening structures described individually above may be combined in any suitable configurations in a vehicle." '178 Patent, Col. 22, lns. 48-52.

The term unit can be a unit of one second linearly extending part or a unit made of more than one part (*e.g.*, two struts made of a single folded sheet, as described above). In an analogous case, the Eastern District of Texas found that the term "field crew" did not require more than one member in the crew; a single person could be a field crew. *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-000980-JRG, 2017 WL 5896180, *11−12 (E.D. Tex. Nov. 29, 2017) (finding "field crew" to refer to

either a single person or a group of people because neither the claimed method language nor the intrinsic record required performance by two or more people even though the specification sometimes referred to actions performed by "field crew member" and field crew "personnel"). Similarly here, the claims and specification require only that the second structural unit must perform by joining the at least three first structural units; nowhere does it describe functions that can **only** be performed by two or more second structural units.

## II. DEFENDANTS APPLIED THE PLAIN AND ORDINARY MEANING OF THE TERM IN THEIR INVALIDITY CONTENTIONS

After the Court entered its Claim Construction Order (Dkt No. 207) Defendants applied the plain and ordinary meaning of this limitation multiple times in their final invalidity contentions. This undermines Defendants' argument in their motion that a person of ordinary skill must interpret the limitation as requiring at least two second linearly extending structural units in order to make sense of claim 2. In mapping the plain and ordinary meaning of this limitation of claim 2 to the Gutta reference (U.S. Patent 5,174,622), they state "Gutta discloses and/or renders obvious ***one or more second linearly extending structural units*** joining the at least three first linearly extending units." Ex. B (Defendants' Final Invalidity Contentions, A-34 (Gutta, claim 2)) pp. 64-65 (emphasis added). Defendants point to 71c (colored purple) as the second structural unit, but 71(c) is a part of the larger unit 71 (comprised of



FIG. 2

71a, 71b, and 71c together). This unit can be a single bent tube (71) or three different tubes (71a, 71b and 71c) making up a unit (71).

Crucially, these contentions were served after the Court entered its claim construction order; in fact, Gutta was a newly added reference in those Final Invalidity Contentions. In other words, Defendants were not merely playing it safe and covering their bases before receiving a claim construction order. Rather, *they were applying this Court's claim construction order to a new piece of prior art, and interpreted it as a person of ordinary skill in the art would: "one or more second linearly extending structural units."*

### III. CONCLUSION

It is inappropriate for Defendants to now further limit this Court's plain and ordinary meaning construction to require two or more secondary structural units. As shown above, that construction improperly discards the actual claim language. Moreover, Plaintiff's construction gives meaning to each word in the limitation, is supported by the language in the claims and specification of the patent, and even by Defendants' own arguments in their invalidity contentions. For this reason, Defendants' motion for summary judgment should be denied.

Dated:  February 7, 2022                              Respectfully submitted,

By:  */s/ Danielle J. Healey*

**Danielle J. Healey**
Attorney in Charge
Texas Bar No. 09327980
healey@fr.com
**Brian G. Strand**
Texas Bar No. 24081166
strand@fr.com
**Bailey Benedict**
Texas Bar No. 24083139
benedict@fr.com
**Jacqueline T. Moran** (*pro hac vice*)
Texas Bar No. 24121740
jtmoran@fr.com
**FISH & RICHARDSON P.C.**
1221 McKinney Street, Suite 2800
Houston, Texas 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

**Tommy Jacks**
Texas Bar No. 10452000
jacks@fr.com
**FISH & RICHARDSON P.C.**
111 Congress Avenue, Suite 810
Austin, Texas 78701
Telephone: (512) 472-5070
Facsimile: (512) 320-8935

**Ahmed J. Davis** (*pro hac vice*)
Washington D.C. Bar No. 472321
adavis@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Ave SW
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

**COUNSEL FOR PLAINTIFF
JENS H. S. NYGAARD**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on February 7, 2022, a true and correct copy of the foregoing document was electronically filed via the Court's CM/ECF system per Local Rule CV-5, which will send a notification of electric filing to all counsel of record who have appeared in this case.

>  */s/ Danielle J. Healey*
> Danielle J. Healey