# Exhibit B

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

---

U.S. patent number 5,174,622 ("Gutta") was filed by Paul J. Gutta on October 17, 1991, and issued on December 29, 1992. Gutta is prior art to U.S. Patent No. 7,494,178 ("the '178 Patent") under at least 35 U.S.C. § 102(a) and (b).

Gutta anticipates one or more of the asserted claims under at least 35 U.S.C. § 102.  Gutta further renders one or more of the asserted claims invalid as obvious under 35 U.S.C. § 103, either alone or in combination with one or more other references cited in Defendants' Invalidity Contentions.  These references are analogous art because each is directed to the same or similar field of endeavor and each teaches methods and/or systems to address the same or similar problem in the field, namely vehicles and strengthening members for said vehicles.

The following claim chart demonstrates how Gutta discloses each element of the asserted claims.  To the extent any limitation is not explicitly disclosed, each limitation is at least implicitly or inherently disclosed, or would have been obvious in view of Gutta in combination with the general knowledge of a person of ordinary skill in the art and/or one or more of the prior art references identified in Defendants' Invalidity Contentions as identified herein and/or in Section II.D. of Defendants' Preliminary Invalidity Contentions cover pleading.

With respect to the obviousness of the asserted claim under 35 U.S.C. § 103, one or more of the principles enumerated by the United States Supreme Court in *KSR v. Teleflex*, 550 U.S. 398 (2007) apply, including: (a) combining various claimed elements known in the prior art according to known methods to yield a predictable result; and/or (b) making a simple substitution of one or more known elements for another to obtain a predictable result; and/or (c) using a known technique to improve a similar device or method in the same way; and/or (d) applying a known technique to a known device or method ready for improvement to yield a predictable result; and/or (e) choosing from a finite number of identified, predictable solutions with a reasonable expectation of success or, in other words, the solution was one which was "obvious to try"; and/or (f) a known work in one field of endeavor prompting variations of it for use either in the same field or a different field based on given design incentives or other market forces in which the variations were predictable to one of ordinary skill in the art; and/or (g) a teaching, suggestion, or motivation in the prior art that would have led one of ordinary skill in the art to modify the prior art reference or to combine the teachings of various prior art references to arrive at the claimed invention. It therefore would have been obvious to one of ordinary skill in the art to combine the disclosures of these references in accordance with the principles and rationales set forth above.

In compiling these contentions, Defendants have relied in part on Nygaard's infringement contentions served pursuant to the Court's Order Governing Proceedings – Patent Case.  In those contentions, Nygaard pursues overly broad claim interpretations of claim terms construed by the Court, or disregards the Court's construction entirely, in an effort to assert infringement where none exists, and

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

to accuse products that do not infringe the claims. Nygaard also contends that no elements of the asserted claims are governed by 35 U.S.C. § 112(6) and fails to cite any document or identify accused structures, acts, or materials in the accused products with particularity. The Defendants' assertion that a particular limitation is disclosed by a prior art reference and/or is disclosed in a particular manner may be based in part on Nygaard's apparent claim interpretations. In relying on Nygaard's apparent claim interpretations, Defendants do not admit that Nygaard's apparent claim interpretations are supportable or proper, that the elements of the claims are not governed by 35 U.S.C. § 112(6), or that the claim limitations in question are definite or otherwise amenable to construction.

Defendants have endeavored to provide as much detail as possible in these contentions and, in doing so, have exceeded the level of detail required. The inclusion of specific details in some areas is not a concession that such details are required or that the omission of similar details in other areas is a defect. The citations to portions of any reference in this chart are exemplary only. Defendants will rely on the entirety of the references cited in this chart to show that the asserted claims are invalid.

| Claim | Gutta |
|---|---|
| **Claim 1:** | |
| **[Preamble] A strengthening member** | To the extent this preamble is deemed limiting, Gutta discloses or renders obvious a strengthening member.  *See e.g.*, Gutta, FIGS 1, 2, 3, 10. <br><br> Gutta further discloses or renders obvious a strengthening member: <br><br> • "The present invention relates to a protective cage-like frame construction which is easily mounted to or removed from a four wheeled all-terrain vehicle." 2:64-66. <br> • "The frame provides rollover protection and support for the cover which, itself, affords protection from flying debris as well as heat retention for rider comfort in cold weather." 3:3-6. <br> • "While the forward ends of bars 29 may converge, it is preferred that they be separated and joined by front transverse bar 30 to provide a flat front to the frame." 20. 5:1-4. <br> • "Extending upward and rearward from front loop 72 at the points of connection between bars 73 and 74 and bars 74 and transverse bar 75 to the respective corners of bow 71 are front stays 76 which may be of the same square stock as the main elements of frame 70 |

Case 6:20-cv-00234-ADA   Document 269-2   Filed 02/07/22   Page 4 of 126

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

| | |
|---|---|
| | but are preferably to inch steel rods welded in place to provide forward support for a cover and rigidity to the front section 70a of frame 70." 9:2-9.<br><br>• "Furthermore, the angled front stays 39 of frame 20 and 76 of frame 70 provide a means to deflect low hanging branches or the like upward and away from the rider." 9:51-53.<br><br>• "The combination roll cage and cover of claim 14 wherein said frame members are fabricated from 1 to 1 1/2 inch square steel tubing having a wall thickness of 1/8 to 1/4 inch and are welded together to form said cage and wherein said stabilizer rods are fabricated from 1/4 to 1/2 inch steel rod welded to said front frame section."  14:48-53.<br><br>Further, Gutta discloses via its figures and/or renders obvious, a strengthening member that comprises a front structure (colored orange), a top structure (colored purple), and two rear structures (colored green). |

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. I

In the alternative, Gutta discloses and/or renders obvious, a strengthening member that comprises various combinations of the illustrated front structure (colored orange), a top structure (colored purple), and a rear structures (colored green).  For example:

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. I

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. I

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 1

7



FIG. I

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. I



FIG. 2

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 2

**DEFENDANTS' INVALIDITY CONTENTIONS**

EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")



FIG. 2

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 2

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 2



FIG. 2

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 2

Case 6:20-cv-00234-ADA   Document 269-2   Filed 02/07/22   Page 18 of 126

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



**FIG. 2**

Case 6:20-cv-00234-ADA   Document 269-2   Filed 02/07/22   Page 19 of 126

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 2

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 2

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 2

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34 Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34 Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

Additionally, to the extent Figure 1 of the '178 Patent is within the scope of the claims of the '178 Patent, then as further shown below, Figure 10 of Gutta meets this claim limitation in the same manner:

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

Fig. 1

FIGS. 1 and 2 show a first embodiment of strengthening member and a vehicle comprising the strengthening member according to the present invention mounted inside the passenger compartment. A strengthening structure 1 comprises a strengthening member 2 according to the invention which, when assembled, extends adjacent the front windscreen 103 of the vehicle. The strengthening member 2 is connected to a second strengthening member which comprises a pair of ribs 4 which are substantially parallel to one another and which are placed inside and contacting the roof structure 5 of the vehicle. The two ribs 4 come together at a point where they contact a third strengthening member 6 which in use contacts the rear window 7 of the vehicle. The vehicle shown in FIG.

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

| | |
|---|---|
| **[a][i] for use in a road vehicle,** | Gutta discloses or renders obvious a strengthening member for use in a road vehicle.  See e.g., Gutta, FIG 10.<br><br>In the Court's Claim Construction Order (Dkt. 207), the Court construed "road vehicle" as "a vehicle designed for driving on a road."<br><br>Gutta discloses this limitation under the Court's construction, as further explained below.  For example, Gutta expressly states that this invention is for use with a road vehicle. "The present invention relates to a protective cage-like frame construction which is easily mounted to or removed from a four wheeled all-terrain vehicle." 2:64-66.<br><br>Gutta Figure 10 further illustrates the strengthening member as used on a road vehicle. |

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

| | |
|---|---|
| **[a][ii] for fixing to a structure of the vehicle, and** | Gutta discloses or renders obvious a strengthening member for fixing to a structure of the vehicle. See e.g., Gutta Fig. 10.<br><br>Gutta expressly states that the strengthening member is for fixing to a structure of the vehicle:<br><br>• "Since front and rear loops 21a and 21b of lower frame portion 21 overlie the front and rear carrier racks 9 and 10 of ATV 1, they are provided with means to attach to the racks. Preferably, attachment is achieved simply with four sets of threaded nuts and bolts, two |

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

|  | each front and rear 33 and 34. To accommodate this attachment means, corresponding holes 35 are drilled in the front loop angled bars 29 and in front rack 9 as well as in rear loop bars 31 and rear rack 10. Since racks 9 and 10 are themselves securely mounted to the subframe of ATV 1, it has been found that four bolts are sufficient to secure frame 20 the ATV 1. However, additional bolts may be used if needed simply by drilling additional corresponding holes." 5:11-24.<br><br>• "As with frame 20, front loop 72 of frame 70 is provided with means for attachment to the front carrier rack 9 of ATV 1. Preferably the attachment means is like that of frame 20, threaded nuts and bolts inserted through corresponding holes in the front loop 72 and front rack 9 and in the attachment means 82 of rear support legs 81 and rear rack 10. The attachment means 82 of rear legs 81 preferably comprises steel plates 83 welded to the ends of legs 81 and having the requisite bolt holes drilled therein."  9:23-32.<br><br>For example, Gutta discloses and/or renders obvious, as shown in the orange boxes below, a strengthening member that is affixed to a structure of a vehicle.  For example, the orange boxes annotated in the figures below show where the strengthening member affixes itself to the vehicle, including under each of the alternative definitions of the strengthening member identified above. Where multiple orange boxes are shown on a figure, Defendants may rely on one or more of the boxes. |

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

FIG. 2

| | |
|---|---|
| **[a][iii] for extending in front of the driver's position,** | Gutta discloses or renders obvious a strengthening member for extending in front of the driver's position.  See e.g., Fig. 1, 2, 3, 10.<br><br>In the Court's Claim Construction Order (Dkt. 207), the Court construed this limitation as "located ahead of the driver's position, along the longitudinal axis of the vehicle when seen in side view; it is not necessary that the strengthening member is placed directly in front of the driver's position." |

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

| | |
|---|---|
| | In this regard, Gutta discloses this limitation under the Court's construction, as further explained below.<br><br>Gutta states that the strengthening member extends forwardly.  For example:<br><br>• "In the embodiment shown, loop 21a comprises relatively short bars 28 extending forward from the upper ends of bars 25 and from which bars 29 extend forwardly and angle inwardly . . ."  4:64-68.<br><br>• "Extending upward and rearward from front loop 72 at the points of connection between bars 73 and 74 and bars 74 and transverse bar 75 to the respective corners of bow 71 are front stays 76 which may be of the same square stock as the main elements of frame 70 but are preferably to inch steel rods welded in place to provide forward support for a cover and rigidity to the front section 70a of frame 70."  9:2-9.<br><br>Figure 10 of Gutta discloses that the strengthening member is situated in front of the driver's seat. |

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



To the extent Plaintiff interprets this limitation as conforming to his infringement theories, insofar as far as Defendants currently understand them, Gutta meets this limitation under Plaintiff's apparent interpretation as explained below.  Under Plaintiff's apparent interpretation, the portions of the strengthening member circled in red below are situated in front of the driver's position.

**DEFENDANTS' INVALIDITY CONTENTIONS**

EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")



FIG. 10

|  |  |
|---|---|
|  | Thus, to the extent Plaintiff's infringement contention theory for this limitation is permitted to include strengthening members where at least part of the structure is located in front of the driver, Gutta expressly teaches this limitation. |
| **[b][i] the strengthening member being dimensioned so that, when in use, the** | Gutta discloses or renders obvious the strengthening member being dimensioned so that, when in use, the strengthening member will not prevent the driver from seeing an object which is at least 2 |

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

| | |
|---|---|
| **strengthening member will not prevent the driver from seeing an object which is at least 2 m from the front windscreen, when the driver uses binocular vision, and without requiring the driver to move the driver's head,** | m from the front windscreen, when the driver uses binocular vision, and without requiring the driver to move the driver's head.<br><br>In the Court's Claim Construction Order (Dkt. 207), the Court construed "front windscreen" as the plain and ordinary meaning of the term, which the Court explained was a "front windshield/window of the road vehicle."  The Court further explained that this limitation requires a physical windscreen. Gutta discloses this limitation under the Court's construction, as further explained below.<br><br>Gutta expressly discloses a front windscreen.  For example:<br><br>• "In FIG. 6, alternative frame 70 is provided with a cover 100 of the same or similar material as cover 85. Like cover 85, cover 100 for frame 70 has a roof 101 and front, left and right side windshields 102, 103 and 104. each of which is provided with a transparent window" 10:64-68.<br><br>• "As with cover 85, the windows of cover 100 may be flexible or rigid transparent material and will be bonded to the cover material in a manner appropriate to the specific materials used." 11:14-17.<br><br>• "Cover 85 comprises a roof 86, front, left and right side windshields 87, 88 and 89 having windows 87a, 88a and 89a therein," 9:66-68.<br><br>• "Front, left and right side windows 87a, 88a and 89a may be of a similar material or they may be of a rigid transparent material such as polycarbonate resin or even safety glass set into apertures cut in the cover material and sewn, glued or otherwise bonded to the cover mate rial so as to provide leakproof attachment of the window material to the cover material." 10:7-13.<br><br>• "The individual windows in front, left and right side windscreens 87, 88 and 89 are separated by portions of cover material which will overlay front stays 39 of frame 20 when cover 85 is in place." 10:13-17. |

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

Figure 5 and 6 illustrates this claim limitation, including the windscreen (highlighted in blue).



Case 6:20-cv-00234-ADA   Document 269-2   Filed 02/07/22   Page 43 of 126

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



**FIG. 6**

Further, Gutta discloses one or more strengthening members having a narrow enough width so as to not obstruct a driver's binocular vision of an object located at least 2 m from the front of a windscreen.  Gutta discloses (*see* Gutta at 9:2-10) specific dimensions for it roll-cage structure, all which expressly use either ¼ inch (6.5 mm) or ½ inch (12.7 mm) wide steel rods.  Both of those sizes are narrower than the average estimated pupillary width (65 mm), which means that both dimensions are narrow enough so as not to obstruct the driver's binocular vision of an object located at least 2m from the front of a windscreen.  Gutta also expressly states:

- "Extending upward and rearward from front loop 72 at the points of connection between bars 73 and 74 and bars 74 and transverse bar 75 to the respective corners of bow 71 are front stays 76 which may be of the same square stock as the main elements of frame 70

42

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

|  | but are preferably to inch steel rods welded in place to provide forward support for a cover and rigidity to the front section 70a of frame 70." 9:2-9.

"The combination roll cage and cover of claim 14 wherein said frame members are fabricated from 1 to 1 1/2 inch square steel tubing having a wall thickness of 1/8 to 1/4 inch and are welded together to form said cage and wherein said stabilizer rods are fabricated from 1/4 to 1/2 inch steel rod welded to said front frame section."  14:48-53.

To the extent this claim limitation is not disclosed, Gutta renders obvious to one skilled in the art how to configure the strengthening member so that, when in use, the strengthening member will not prevent the driver from seeing an object which is at least 2 m from the front windscreen, when the driver uses binocular vision, and without requiring the driver to move the driver's head.

Alternatively, one skilled in the art would understand, based on the pictures and disclosure in Gutta alone, or in combination with one or more of the references charted in Exs. A-1 to A-34, and the knowledge of one of ordinary skill in the art, that the strengthening member is dimensioned so that it would not prevent the driver from seeing objects in front of the vehicle.

For example, it would have been obvious to one skilled in the art to modify the strengthening member structures disclosed in Gutta so it will not prevent the driver from seeing an object which is at least 2 m from the front windscreen, when the driver uses binocular vision, and without requiring the driver to move the driver's head, in view of the teachings of Gutta or, for example, as discussed in Defendants' Invalidity Contentions Cover Pleading at Section II.D.  As a specific example, however, one skilled in the art would understand, based on the pictures and disclosure in Gutta in view of *Field of Vision (A-Pillar Geometry) – A Review of the Needs of Drivers: Final Report*, *Visual Aspects in Vehicle Design*, and/or *Design of a Winston Cup Chassis for Torsional Stiffness* in combination with the knowledge of one of ordinary skill in the art, that Gutta's strengthening member would be dimensioned so that, when in use, the strengthening member will not prevent the driver from seeing an object which is at least 2 m from the front windscreen, when the driver uses binocular vision, and without requiring the driver to move the driver's head.  *See* Quigley, C. et al., *Field of Vision (A-Pillar Geometry) – A Review of the Needs of Drivers: Final Report*, Loughboroguh University (2001)  at 3 (teaching that binocular vision principles can affect the design of structural units within a vehicle because "if the width of the A-pillar is less than the width between the eyes, distant objects will be visible, and only a portion of the road directly |

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

| | |
|---|---|
| | beyond the pillar will be obscured"); Haslegrave, C.M., *Visual Aspects in Vehicle Design* 84-87 (1993)  (confirming 65mm as an average estimated pupillary width and explaining that if the width of a pillar is less than that distance, the blind spot behind the pillar will only obscure a portion of the road); Lonny L. Thompson, et al., *Design of a Winston Cup Chassis for Torsional Stiffness*, SAE Technical Paper at 7 (Nov. 16-19, 1998) (disclosing strengthening members which use either 1 inch (25.4 mm) or 1.7 inch (44.5 mm) diameter tubes).  As another example, it would have been obvious to one skilled in the art to modify one or more of the pillars implemented in the Raptor to have a structure and/or design like the pillar structures disclosed and/or implemented in Patent Application Publication No. US 2005/0035628, the Volvo Concept Car, or U.S. Patent No. 6,669,275 (see Exhibit A-10, A-23, and A-33, respectively) that would not prevent the driver from seeing objects at least 2 m from the front windscreen.  One of ordinary skill in the art would be motivated to modify the shape and/or design of one or more of the pillars implemented in the Raptor to resemble those disclosed in Patent Application Publication No. US 2005/0035628, the Volvo Concept Car, or U.S. Patent No. 6,669,275 to improve driver visibility. |
| | Additionally, although Defendants contend that Gutta discloses the "windscreen" limitation recited in this claim element, Defendants submit that Gutta also discloses one or more vehicle and/or safety features identified by Plaintiff, in his final infringement contentions, to allegedly be an equivalent of the "windscreen" limitation under the Doctrine of Equivalents.  As an example, Gutta discloses, either expressly or inherently, a "nose" of a vehicle.  As is within the knowledge of one of ordinary skill in the art, the "nose" of a vehicle refers to the front part of a vehicle (e.g., hood of a vehicle) which is designed to deflect wind and may provide a dimensional point of reference. |
| **[c] wherein the strengthening member has the form of a triangular prism which has been sheared in a vertical plane or the form of a truncated sheared triangular pyramid.** | Gutta discloses or renders obvious a strengthening member wherein the strengthening member has the form of a triangular prism which has been sheared in a vertical plane or the form of a truncated sheared triangular pyramid. |
| | Gutta expressly describes the shape of its front strengthening member in terms that a person of ordinary skill in the art would understand as being a triangular prism which has been sheared in a vertical plane or the form of a truncated sheared triangular pyramid.  For example: |
| | • "Front loop 21a of lower frame portion 21 extends horizontally forward from the upper ends of bars 25 and around the forward area of the ATV in front of the handle bar |

Case 6:20-cv-00234-ADA   Document 269-2   Filed 02/07/22   Page 46 of 126

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

assembly 11. Loop 21a is preferably angled - inward on both sides as shown in FIG. 1 ***forming a truncated triangular shape***."  4:59-64 (emphasis added).

- "Forward stays 39 extend forwardly and downward between the ends of transverse bar 22c and the ends of transverse bar 30 providing rigidifying support to front bow 22 and forming a trapezoidally shaped flat front to frame 20." 6:17-21.

To the extent Plaintiff interprets this limitation as conforming to his infringement theories, insofar as far as Defendants currently understand them, Gutta meets this limitation under Plaintiff's apparent interpretation as explained below.  Gutta discloses or renders obvious a strengthening member, under Plaintiff's interpretation, wherein the strengthening member has the form of a triangular prism which has been sheared in a vertical plane or the form of a truncated sheared triangular pyramid.



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 2

**DEFENDANTS' INVALIDITY CONTENTIONS**

EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")



FIG. 2

Alternatively, one skilled in the art would understand, based on the pictures and disclosure in Gutta alone, or in combination with one or more of the references charted in Exs. A-1 to A-34, and the knowledge of one of ordinary skill in the art, how to configure the strengthening member so that it has the form of a triangular prism which has been sheared in a vertical plane or the form of a truncated sheared triangular pyramid.

For example, it would have been obvious to one skilled in the art to modify the strengthening member in Gutta to form a triangular prism sheared in a vertical plane or a truncated sheared triangular pyramid, in view of the teachings of Gutta or, for example, as discussed in Defendants' Invalidity Contentions Cover Pleading at Section II.D.

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

| Claim 2: | |
|---|---|
| **[Preamble] A strengthening member for mounting in a vehicle,** | To the extent this preamble is deemed limiting, Gutta discloses or renders obvious a strengthening member for mounting in a vehicle.  See e.g., Fig. 10.<br><br>Gutta further discloses or renders obvious a strengthening member:<br><br>• "The present invention relates to a protective cage-like frame construction which is easily mounted to or removed from a four wheeled all-terrain vehicle." 2:64-66.<br>• "The frame provides rollover protection and support for the cover which, itself, affords protection from flying debris as well as heat retention for rider comfort in cold weather." 3:3-6.<br>• "While the forward ends of bars 29 may converge, it is preferred that they be separated and joined by front transverse bar 30 to provide a flat front to the frame." 20. 5:1-4.<br>• "Extending upward and rearward from front loop 72 at the points of connection between bars 73 and 74 and bars 74 and transverse bar 75 to the respective corners of bow 71 are front stays 76 which may be of the same square stock as the main elements of frame 70 but are preferably to inch steel rods welded in place to provide forward support for a cover and rigidity to the front section 70a of frame 70." 9:2-9.<br>• "Furthermore, the angled front stays 39 of frame 20 and 76 of frame 70 provide a means to deflect low hanging branches or the like upward and away from the rider." 9:51-53.<br>• "The combination roll cage and cover of claim 14 wherein said frame members are fabricated from 1 to 1 1/2 inch square steel tubing having a wall thickness of 1/8 to 1/4 inch and are welded together to form said cage and wherein said stabilizer rods are fabricated from 1/4 to 1/2 inch steel rod welded to said front frame section."   14:48-53.<br><br><br>Further, Gutta discloses and/or renders obvious a strengthening member that comprises a front structure (colored orange), a top structure (colored blue), and two rear structures (colored green). Various configurations are disclosed and/or rendered obvious as illustrated by the various color shadings, which are more extensively shown in relation to limitation 1[preamble].  As shown below, the strengthening member is mounted to the vehicle frame. |

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**

EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**

EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")



FIG. 10

Additionally, to the extent Figure 1 of the '178 Patent is within the scope of the claims of the '178 Patent, then as further shown below, Figure 10 of Gutta meets this claim limitation in the same manner:

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIGS. **1** and **2** show a first embodiment of strengthening member and a vehicle comprising the strengthening member according to the present invention mounted inside the passenger compartment. A strengthening structure **1** comprises a strengthening member **2** according to the invention which, when assembled, extends adjacent the front windscreen **103** of the vehicle. The strengthening member **2** is connected to a second strengthening member which comprises a pair of ribs **4** which are substantially parallel to one another and which are placed inside and contacting the roof structure **5** of the vehicle. The two ribs **4** come together at a point where they contact a third strengthening member **6** which in use contacts the rear window **7** of the vehicle. The vehicle shown in FIG.

A

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



**FIG. 10**

Gutta expressly states that the strengthening member is for fixing to a structure of the vehicle:

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

| | |
|---|---|
| | • "Since front and rear loops 21a and 21b of lower frame portion 21 overlie the front and rear carrier racks 9 and 10 of ATV 1, they are provided with means to attach to the racks. Preferably, attachment is achieved simply with four sets of threaded nuts and bolts, two each front and rear 33 and 34. To accommodate this attachment means, corresponding holes 35 are drilled in the front loop angled bars 29 and in front rack 9 as well as in rear loop bars 31 and rear rack 10. Since racks 9 and 10 are themselves securely mounted to the subframe of ATV 1, it has been found that four bolts are sufficient to secure frame 20 the ATV 1. However, additional bolts may be used if needed simply by drilling additional corresponding holes." 5:11-24.<br><br>• "As with frame 20, front loop 72 of frame 70 is provided with means for attachment to the front carrier rack 9 of ATV 1. Preferably the attachment means is like that of frame 20, threaded nuts and bolts inserted through corresponding holes in the front loop 72 and front rack 9 and in the attachment means 82 of rear support legs 81 and rear rack 10. The attachment means 82 of rear legs 81 preferably comprises steel plates 83 welded to the ends of legs 81 and having the requisite bolt holes drilled therein."   9:23-32.<br><br>Gutta discloses and/or renders obvious, as shown in the orange boxes below, a strengthening member that is mounted in a vehicle.  For example, the orange boxes annotated in the figures below show where the strengthening member is mounted to the vehicle, including under each of the alternative definitions of the strengthening member identified above.  Where multiple orange boxes are shown on a figure, Defendants may rely on one or more of the boxes for showing that the strengthening member is mounted in a vehicle. |

**DEFENDANTS' INVALIDITY CONTENTIONS**

EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**

EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")

FIG. 2

| | |
|---|---|
| **[a] formed of at least three first linearly extending structural units placed in a triangular arrangement,** | Gutta discloses or renders obvious a strengthening member formed of at least three first linearly extending structural units placed in a triangular arrangement.<br><br>Gutta discloses linearly extending structural units.  For example:<br><br>• "In the embodiment shown, loop 21a comprises relatively short bars 28 extending forward from the upper ends of bars 25 and from which bars 29 extend forwardly and angle inwardly . . ." 4:64-68. |

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

|  |  |
|---|---|
|  | • "Extending upward and rearward from front loop 72 at the points of connection between bars 73 and 74 and bars 74 and transverse bar 75 to the respective corners of bow 71 are front stays 76 which may be of the same square stock as the main elements of frame 70 but are preferably to inch steel rods welded in place to provide forward support for a cover and rigidity to the front section 70a of frame 70."  9:2-9.<br><br>For example, the annotated figure below shows at least three linear structural units (colored orange) placed in a triangular arrangement. The illustration is not meant to be exhaustive, in that, selecting other segments from the various linear structural units is disclosed and/or rendered obvious by Gutta's disclosure. |

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 2

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 2

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 2

Alternatively, one skilled in the art would understand, based on the pictures and disclosure in Gutta alone, or in combination with one or more of the references charted in Exs. A-1 to A-34, and the knowledge of one of ordinary skill in the art, how to configure the strengthening member so that it is formed of at least three structural units in a triangular arrangement.

For example, it would have been obvious to one skilled in the art to modify the strengthening member structures in Gutta to form a triangular arrangement of three linearly extending structural units, in view of the teachings of Gutta or, for example, as discussed in Defendants' Invalidity Contentions Cover Pleading at Section II.D.

**DEFENDANTS' INVALIDITY CONTENTIONS**
EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")

| **[b] for extending from the front structure of the vehicle, and** | Gutta discloses or renders obvious a strengthening member for extending from the front structure of the vehicle. |
| --- | --- |
| | Gutta describes structural members extending from the front structure of the vehicle.  For example: |
| | <ul><li>"In the embodiment shown, loop 21a comprises relatively short bars 28 extending forward from the upper ends of bars 25 and from which bars 29 extend forwardly and angle inwardly . . ." 4:64-68.</li></ul> |
| | <ul><li>"Extending upward and rearward from front loop 72 at the points of connection between bars 73 and 74 and bars 74 and transverse bar 75 to the respective corners of bow 71 are front stays 76 which may be of the same square stock as the main elements of frame 70 but are preferably to inch steel rods welded in place to provide forward support for a cover and rigidity to the front section 70a of frame 70." 9:2-9.</li></ul> |
| | As illustrated by at least the following annotated figure, Gutta's strengthening member extends from the front structure of a vehicle. |

**DEFENDANTS' INVALIDITY CONTENTIONS**

EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")



FIG. IO

| | |
|---|---|
| **[c] second linearly extending structural unit joining the at least three first linearly extending units,** | Gutta discloses or renders obvious second linearly extending structural unit joining the at least three first linearly extending units.<br><br>For example, Gutta discloses and/or renders obvious one or more second linearly extending structural units joining the at least three first linearly extending units.  Annotated Figure 2 below shows such secondary linearly extending structural units (annotated with purple) joining the at least three first linearly extending units. |

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 2

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



**FIG. 2**

Alternatively, one skilled in the art would understand, based on the pictures and disclosure in Gutta alone, or in combination with one or more of the references charted in Exs. A-1 to A-34, and the knowledge of one of ordinary skill in the art, how to configure the strengthening member so that it is formed of at least three structural units in a triangular arrangement joined by second linearly extending structural units.

For example, it would have been obvious to one skilled in the art to configure the strengthening member in Gutta to form a triangular arrangement of three linearly extending structural units

| | |
|---|---|
| | joined by second linearly extending structural units, in view of the teachings of Gutta or, for example, as discussed in Defendants' Invalidity Contentions Cover Pleading at Section II.D. As a specific example, one of ordinary skill in the art would know that the structural units (e.g., frame members and/or pillars of Gutta's strengthening member) could be joined (e.g., by welding). |
| **[d] the second structural units being not horizontal,** | Gutta discloses or renders obvious the second structural units being not horizontal.<br><br>Gutta discloses that the structural units are angled forwardly and inwardly:<br><br>• "In the embodiment shown, loop 21a comprises relatively short bars 28 extending forward from the upper ends of bars 25 and from which bars 29 extend forwardly and angle inwardly . . ." 4:64-68.<br><br>• "Forward stays 39 extend forwardly and downward between the ends of transverse bar 22c and the ends of transverse bar 30 providing rigidifying support to front bow 22 and forming a trapezoidally shaped flat front to frame 20." 6:17-21.<br><br>• "Extending upward and rearward from front loop 72 at the points of connection between bars 73 and 74 and bars 74 and transverse bar 75 to the respective corners of bow 71 are front stays 76 which may be of the same square stock as the main elements of frame 70 but are preferably to inch steel rods welded in place to provide forward support for a cover and rigidity to the front section 70a of frame 70." 9:2-9.<br><br>• "Furthermore, the angled front stays 39 of frame 20 and 76 of frame 70 provide a means to deflect low hanging branches or the like upward and away from the rider." 9:51-53.<br><br>For example, Gutta discloses and/or renders obvious, the second structural units (annotated with purple) being not horizontal.  Annotated Figure 2 shows that the one or more secondary linearly extending structural units exhibit a slight curve or are positioned angularly to the horizontal direction and are thus are not horizontal: |

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 2

**DEFENDANTS' INVALIDITY CONTENTIONS**

EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")



FIG. 2

Alternatively, one skilled in the art would understand, based on the pictures and disclosure in Gutta alone, or in combination with one or more of the references charted in Exs. A-1 to A-34, and the knowledge of one of ordinary skill in the art, to use second linearly extending structural units that are not horizontal.

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

| | |
|---|---|
| | For example, it would have been obvious to one skilled in the art to modify the second linearly extending structural units in Gutta so they are not horizontal, in view of the teachings of Gutta or, for example, as discussed in Defendants' Invalidity Contentions Cover Pleading at Section II.D. |
| **[e] wherein the first linearly extending structural units of the strengthening member have a width not exceeding 65 mm,** | Gutta discloses or renders obvious a strengthening member wherein the first linearly extending structural units of the strengthening member have a width not exceeding 65 mm.<br><br>Gutta discloses (*see* Gutta at 9:2-10) specific dimensions for it roll-cage structure, all which expressly use either ¼ inch (6.5 mm) or ½ inch (12.7 mm) wide steel rods.  Specifically, Gutta recites:<br><br>• "Extending upward and rearward from front loop 72 at the points of connection between bars 73 and 74 and bars 74 and transverse bar 75 to the respective corners of bow 71 are front stays 76 which may be of the same square stock as the main elements of frame 70 but are preferably to inch steel rods welded in place to provide forward support for a cover and rigidity to the front section 70a of frame 70." 9:2-9.<br><br>• "The combination roll cage and cover of claim 14 wherein said frame members are fabricated from 1 to 1 1/2 inch square steel tubing having a wall thickness of 1/8 to 1/4 inch and are welded together to form said cage and wherein said stabilizer rods are fabricated from 1/4 to 1/2 inch steel rod welded to said front frame section."   14:48-53. |

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 2

Alternatively, one skilled in the art would understand, based on the pictures and disclosure in Gutta alone, or in combination with one or more of the references charted in Exs. A-1 to A-34, and the knowledge of one of ordinary skill in the art, that the first linearly extending structural units of the strengthening member have a width not exceeding 65 mm.

For example, it would have been obvious to one skilled in the art to modify the first linearly extending structural units in Gutta to have a width not exceeding 65mm, in view of the teachings of Gutta or, for example, as discussed in Defendants' Invalidity Contentions Cover Pleading at

Case 6:20-cv-00234-ADA   Document 269-2   Filed 02/07/22   Page 73 of 126

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

| | |
|---|---|
| | Section II.D.  As a specific example, however, one skilled in the art would understand, based on the pictures and disclosure in Gutta in view of *Field of Vision (A-Pillar Geometry) – A Review of the Needs of Drivers: Final Report*, *Visual Aspects in Vehicle Design*, and/or *Design of a Winston Cup Chassis for Torsional Stiffness* in combination with the knowledge of one of ordinary skill in the art, that Gutta's strengthening member be dimensioned so that, when in use, the strengthening member will not prevent the driver from seeing an object which is at least 2 m from the front windscreen, when the driver uses binocular vision, and without requiring the driver to move the driver's head.  *See* Quigley, C. et al., *Field of Vision (A-Pillar Geometry) – A Review of the Needs of Drivers: Final Report*, Loughboroguh University (2001)  at 3 (teaching that binocular vision principles can affect the design of structural units within a vehicle because "if the width of the A-pillar is less than the width between the eyes, distant objects will be visible, and only a portion of the road directly beyond the pillar will be obscured"); Haslegrave, C.M., *Visual Aspects in Vehicle Design* 84-87 (1993)  (confirming 65mm as an average estimated pupillary width and explaining that if the width of a pillar is less than that distance, the blind spot behind the pillar will only obscure a portion of the road); Lonny L. Thompson, et al., *Design of a Winston Cup Chassis for Torsional Stiffness*, SAE Technical Paper at 7 (Nov. 16-19, 1998) (disclosing strengthening members which use either 1 inch (25.4 mm) or 1.7 inch (44.5 mm) diameter tubes).  As another example, it would have been obvious to one skilled in the art to modify one or more of the pillars implemented in the Raptor to have a structure and/or design like the pillar structures disclosed and/or implemented in Patent Application Publication No. US 2005/0035628, the Volvo Concept Car, or U.S. Patent No. 6,669,275 (see Exhibit A-10, A-23, and A-33, respectively) that would not prevent the driver from seeing objects at least 2 m from the front windscreen.  One of ordinary skill in the art would be motivated to modify the shape and/or design of one or more of the pillars implemented in the Raptor to resemble those disclosed in Patent Application Publication No. US 2005/0035628, the Volvo Concept Car, or U.S. Patent No. 6,669,275 to improve driver visibility. |
| **[f] the strengthening member having a connection for fixing the strengthening member to the vehicle,** | Gutta discloses or renders obvious a strengthening member having a connection for fixing the strengthening member to the vehicle.<br><br>Gutta expressly states that the strengthening member is for fixing to a structure of the vehicle: |

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34 Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

|  | <ul><li>"Since front and rear loops 21a and 21b of lower frame portion 21 overlie the front and rear carrier racks 9 and 10 of ATV 1, they are provided with means to attach to the racks. Preferably, attachment is achieved simply with four sets of threaded nuts and bolts, two each front and rear 33 and 34. To accommodate this attachment means, corresponding holes 35 are drilled in the front loop angled bars 29 and in front rack 9 as well as in rear loop bars 31 and rear rack 10. Since racks 9 and 10 are themselves securely mounted to the subframe of ATV 1, it has been found that four bolts are sufficient to secure frame 20 the ATV 1. However, additional bolts may be used if needed simply by drilling additional corresponding holes." 5:11-24.</li></ul><ul><li>"As with frame 20, front loop 72 of frame 70 is provided with means for attachment to the front carrier rack 9 of ATV 1. Preferably the attachment means is like that of frame 20, threaded nuts and bolts inserted through corresponding holes in the front loop 72 and front rack 9 and in the attachment means 82 of rear support legs 81 and rear rack 10. The attachment means 82 of rear legs 81 preferably comprises steel plates 83 welded to the ends of legs 81 and having the requisite bolt holes drilled therein." 9:23-32.</li></ul>For example, Gutta discloses and/or renders obvious, as shown in the orange boxes below, a strengthening member that has a connection for fixing the strengthening member to the vehicle. For example, the orange boxes annotated in the figures below show where the strengthening member affixes itself to the vehicle, including under each of the alternative definitions of the strengthening member identified above. Where multiple orange boxes are shown on a figure, Defendants may rely on one or more of the boxes. |

**DEFENDANTS' INVALIDITY CONTENTIONS**
EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10



FIG. 2

| | |
|---|---|
| **[g] whereby, when mounted in the vehicle, the strengthening member extends obliquely to the vertical direction of the vehicle.** | Gutta discloses or renders obvious a strengthening member whereby, when mounted in the vehicle, the strengthening member extends obliquely to the vertical direction of the vehicle.<br><br>Gutta discloses the strengthening member extending obliquely in the vertical direction.  For example:<br>• "In the embodiment shown, loop 21a comprises relatively short bars 28 extending forward from the upper ends of bars 25 and from which bars 29 extend forwardly and angle inwardly . . ." 4:64-68. |

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

|  |  |
|---|---|
|  | • "Forward stays 39 extend forwardly and downward between the ends of transverse bar 22c and the ends of transverse bar 30 providing rigidifying support to front bow 22 and forming a trapezoidally shaped flat front to frame 20." 6:17-21. <br><br> • "Extending upward and rearward from front loop 72 at the points of connection between bars 73 and 74 and bars 74 and transverse bar 75 to the respective corners of bow 71 are front stays 76 which may be of the same square stock as the main elements of frame 70 but are preferably to inch steel rods welded in place to provide forward support for a cover and rigidity to the front section 70a of frame 70." 9:2-9. <br><br> • "Furthermore, the angled front stays 39 of frame 20 and 76 of frame 70 provide a means to deflect low hanging branches or the like upward and away from the rider." 9:51-53. <br><br> Further, Gutta discloses and/or renders obvious, as shown in the figures below, the strengthening member extending obliquely to the vertical direction of the vehicle.  Annotated Figure 10 illustrates how the strengthening member extends obliquely to the vertical direction of a vehicle when mounted in a vehicle: |

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

Alternatively, one skilled in the art would understand, based on the pictures and disclosure in Gutta alone, or in combination with one or more of the references charted in Exs. A-1 to A-34, and the knowledge of one of ordinary skill in the art, a strengthening member whereby, when mounted in the vehicle, the strengthening member extends obliquely to the vertical direction of the vehicle.  Such an arrangement is a mere design choice.

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

| | |
|---|---|
| | For example, it would have been obvious to one skilled in the art to modify a strengthening member whereby, when mounted in the vehicle, the strengthening member extends obliquely to the vertical direction of the vehicle, in view of the teachings of Gutta or, for example, as discussed in Defendants' Invalidity Contentions Cover Pleading at Section II.D. |
| **Claim 4:** | |
| **[Preamble] A road vehicle comprising,** | To the extent this preamble is deemed limiting, Gutta discloses or renders obvious a road vehicle. See e.g., Gutta, FIG 10.<br><br>In the Court's Claim Construction Order (Dkt. 207), the Court construed "road vehicle" as "a vehicle designed for driving on a road."<br><br>Gutta discloses this limitation under the Court's construction, as further explained below. For example, Gutta expressly states that this invention is for use with a road vehicle. "The present invention relates to a protective cage-like frame construction which is easily mounted to or removed from a four wheeled all-terrain vehicle." 2:64-66.<br><br>Gutta Figure 10 further illustrates the strengthening member as used on a road vehicle. |

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



**FIG. 10**

| | |
|---|---|
| **[a][i] at least one strengthening member fixed to a structure of the vehicle and** | Gutta discloses or renders obvious at least one strengthening member fixed to a structure of the vehicle.  *See e.g.*, Gutta, FIGS 1, 2, 3, 10.<br><br>Gutta expressly discloses at least strengthening member fixed to a structure of the vehicle:<br><br>• "The present invention relates to a protective cage-like frame construction which is easily mounted to or removed from a four wheeled all-terrain vehicle." 2:64-66. |

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

|  |  |
|---|---|
|  | <ul><li>"While the forward ends of bars 29 may converge, it is preferred that they be separated and joined by front transverse bar 30 to provide a flat front to the frame." 20. 5:1-4.</li><li>"Extending upward and rearward from front loop 72 at the points of connection between bars 73 and 74 and bars 74 and transverse bar 75 to the respective corners of bow 71 are front stays 76 which may be of the same square stock as the main elements of frame 70 but are preferably to inch steel rods welded in place to provide forward support for a cover and rigidity to the front section 70a of frame 70." 9:2-9.</li><li>"Furthermore, the angled front stays 39 of frame 20 and 76 of frame 70 provide a means to deflect low hanging branches or the like upward and away from the rider." 9:51-53.</li><li>"The combination roll cage and cover of claim 14 wherein said frame members are fabricated from 1 to 1 1/2 inch square steel tubing having a wall thickness of 1/8 to 1/4 inch and are welded together to form said cage and wherein said stabilizer rods are fabricated from 1/4 to 1/2 inch steel rod welded to said front frame section."  14:48-53.</li><li>"The frame provides rollover protection and support for the cover which, itself, affords protection from flying debris as well as heat retention for rider comfort in cold weather." 3:3-6</li></ul>Further, Gutta discloses and/or renders obvious via its figures a strengthening member that comprises a front structure (colored orange), a top structure (colored purple), and two rear structures (colored green). |

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. I

In the alternative, Gutta discloses and/or renders obvious, a strengthening member that comprises various combinations of the illustrated front structure (colored orange), a top structure (colored purple), and a rear structures (colored green).  For example:

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. I

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 1

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. I

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34 Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. I

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. I

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 2

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 2

**DEFENDANTS' INVALIDITY CONTENTIONS**

EX. A-34 Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")



FIG. 2

**DEFENDANTS' INVALIDITY CONTENTIONS**

EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")



FIG. 2

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 2

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 2

**DEFENDANTS' INVALIDITY CONTENTIONS**

EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")



FIG. 2

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



**FIG. 2**

**DEFENDANTS' INVALIDITY CONTENTIONS**

EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")



**FIG. 2**

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 2

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 3

**DEFENDANTS' INVALIDITY CONTENTIONS**

EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34 Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

Additionally, to the extent Figure 1 of the '178 Patent is within the scope of the claims of the '178 Patent, then as further shown below, Figure 10 of Gutta meets this claim limitation in the same manner:

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIGS. **1** and **2** show a first embodiment of strengthening member and a vehicle comprising the strengthening member according to the present invention mounted inside the passenger compartment. A strengthening structure **1** comprises a strengthening member **2** according to the invention which, when assembled, extends adjacent the front windscreen **103** of the vehicle. The strengthening member **2** is connected to a second strengthening member which comprises a pair of ribs **4** which are substantially parallel to one another and which are placed inside and contacting the roof structure **5** of the vehicle. The two ribs **4** come together at a point where they contact a third strengthening member **6** which in use contacts the rear window **7** of the vehicle. The vehicle shown in FIG.

A

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



**FIG. 10**

Gutta discloses or renders obvious fixing to a structure of the vehicle.  See e.g., Gutta Fig. 10.  Gutta expressly states that the strengthening member is for fixing to a structure of the vehicle:

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

|  |  |
|---|---|
|  | • "Since front and rear loops 21a and 21b of lower frame portion 21 overlie the front and rear carrier racks 9 and 10 of ATV 1, they are provided with means to attach to the racks. Preferably, attachment is achieved simply with four sets of threaded nuts and bolts, two each front and rear 33 and 34. To accommodate this attachment means, corresponding holes 35 are drilled in the front loop angled bars 29 and in front rack 9 as well as in rear loop bars 31 and rear rack 10. Since racks 9 and 10 are themselves securely mounted to the subframe of ATV 1, it has been found that four bolts are sufficient to secure frame 20 the ATV 1. However, additional bolts may be used if needed simply by drilling additional corresponding holes." 5:11-24.<br><br>• "As with frame 20, front loop 72 of frame 70 is provided with means for attachment to the front carrier rack 9 of ATV 1. Preferably the attachment means is like that of frame 20, threaded nuts and bolts inserted through corresponding holes in the front loop 72 and front rack 9 and in the attachment means 82 of rear support legs 81 and rear rack 10. The attachment means 82 of rear legs 81 preferably comprises steel plates 83 welded to the ends of legs 81 and having the requisite bolt holes drilled therein."   9:23-32.<br><br> For example, Gutta discloses and/or renders obvious, as shown in the orange boxes below, a strengthening member that is affixed to a structure of a vehicle.  For example, the orange boxes annotated in the figures below show where the strengthening member affixes itself to the vehicle, including under each of the alternative definitions of the strengthening member identified above. Where multiple orange boxes are shown on a figure, Defendants may rely on one or more of the boxes. |

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**

EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")



FIG. 10



FIG. 2

| [a][ii] extending in front of the driver's position, | Gutta discloses or renders obvious a strengthening member extending in front of the driver's position. See e.g., Fig. 1, 2, 3, 10.

In the Court's Claim Construction Order (Dkt. 207), the Court construed this limitation as "located ahead of the driver's position, along the longitudinal axis of the vehicle when seen in side view; it is not necessary that the strengthening member is placed directly in front of the driver's position." |
|---|---|

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

| | |
|---|---|
| | In this regard, Gutta discloses this limitation under the Court's construction, as further explained below.<br><br>Gutta states that the strengthening member extends forwardly.  For example:<br><ul><li>"In the embodiment shown, loop 21a comprises relatively short bars 28 extending forward from the upper ends of bars 25 and from which bars 29 extend forwardly and angle inwardly . . ."  4:64-68.</li></ul><ul><li>"Extending upward and rearward from front loop 72 at the points of connection between bars 73 and 74 and bars 74 and transverse bar 75 to the respective corners of bow 71 are front stays 76 which may be of the same square stock as the main elements of frame 70 but are preferably to inch steel rods welded in place to provide forward support for a cover and rigidity to the front section 70a of frame 70."  9:2-9.</li></ul>Figure 10 of Gutta discloses that the strengthening member is situated in front of the driver's seat. |

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**

EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")



FIG. 2

To the extent Plaintiff interprets this limitation as conforming to his infringement theories, insofar as far as Defendants currently understand them, Gutta meets this limitation under Plaintiff's apparent interpretation as explained below.  Under Plaintiff's apparent interpretation, the portions of the strengthening member circled in red below are situated in front of the driver's position.

**DEFENDANTS' INVALIDITY CONTENTIONS**

EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")



FIG. 10

| | |
|---|---|
| | Thus, to the extent Plaintiff's infringement contention theory for this limitation is permitted to include strengthening members where at least part of the structure is located in front of the driver, Gutta expressly teaches this limitation. |
| **[b][i] wherein the strengthening member is dimensioned so that the** | Gutta discloses or renders obvious the strengthening member being dimensioned so that, when in use, the strengthening member will not prevent the driver from seeing an object which is at least 2 |

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

| | |
|---|---|
| **strengthening member will not prevent the driver from seeing an object which is at least two meters from the front windscreen, when the driver uses binocular vision and without requiring the driver to move the driver's head,** | m from the front windscreen, when the driver uses binocular vision, and without requiring the driver to move the driver's head.<br><br>In the Court's Claim Construction Order (Dkt. 207), the Court construed "front windscreen" as the plain and ordinary meaning of the term, which the Court explained was a "front windshield/window of the road vehicle."  The Court further explained that this limitation requires a physical windscreen. Gutta discloses this limitation under the Court's construction, as further explained below.<br><br>Gutta expressly discloses a front windscreen.  For example:<br><br>• "In FIG. 6, alternative frame 70 is provided with a cover 100 of the same or similar material as cover 85. Like cover 85, cover 100 for frame 70 has a roof 101 and front, left and right side windshields 102, 103 and 104. each of which is provided with a transparent window" 10:64-68.<br><br>• "As with cover 85, the windows of cover 100 may be flexible or rigid transparent material and will be bonded to the cover material in a manner appropriate to the specific materials used." 11:14-17.<br><br>• "Cover 85 comprises a roof 86, front, left and right side windshields 87, 88 and 89 having windows 87a, 88a and 89a therein," 9:66-68.<br><br>• "Front, left and right side windows 87a, 88a and 89a may be of a similar material or they may be of a rigid transparent material such as polycarbonate resin or even safety glass set into apertures cut in the cover material and sewn, glued or otherwise bonded to the cover mate rial so as to provide leakproof attachment of the window material to the cover material." 10:7-13.<br><br>• "The individual windows in front, left and right side windscreens 87, 88 and 89 are separated by portions of cover material which will overlay front stays 39 of frame 20 when cover 85 is in place." 10:13-17. |

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

Figure 5 and 6 illustrates this claim limitation, including the windscreen (highlighted in blue).



**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 6

Further, Gutta discloses one or more strengthening members having a narrow enough width so as to not obstruct a driver's binocular vision of an object located at least 2 m from the front of a windscreen.  Gutta discloses (*see* Gutta at 9:2-10) specific dimensions for it roll-cage structure, all which expressly use either ¼ inch (6.5 mm) or ½ inch (12.7 mm) wide steel rods.  Both of those sizes are narrower than the average estimated pupillary width (65 mm), which means that both dimensions are narrow enough so as not to obstruct the driver's binocular vision of an object located at least 2m from the front of a windscreen.

To the extent this claim limitation is not disclosed, Gutta renders obvious to one skilled in the art how to configure the strengthening member so that, when in use, the strengthening member will

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

not prevent the driver from seeing an object which is at least 2 m from the front windscreen, when the driver uses binocular vision, and without requiring the driver to move the driver's head.

Alternatively, one skilled in the art would understand, based on the pictures and disclosure in Gutta alone, or in combination with one or more of the references charted in Exs. A-1 to A-34, and the knowledge of one of ordinary skill in the art, that the strengthening member is dimensioned so that it would not prevent the driver from seeing objects in front of the vehicle.

For example, it would have been obvious to one skilled in the art to modify the strengthening member structures disclosed in Gutta so it will not prevent the driver from seeing an object which is at least 2 m from the front windscreen, when the driver uses binocular vision, and without requiring the driver to move the driver's head, in view of the teachings of Gutta or, for example, as discussed in Defendants' Invalidity Contentions Cover Pleading at Section II.D.  As a specific example, however, one skilled in the art would understand, based on the pictures and disclosure in Gutta in view of *Field of Vision (A-Pillar Geometry) – A Review of the Needs of Drivers: Final Report*, *Visual Aspects in Vehicle Design*, and/or *Design of a Winston Cup Chassis for Torsional Stiffness* in combination with the knowledge of one of ordinary skill in the art, that Gutta's strengthening member would be dimensioned so that, when in use, the strengthening member will not prevent the driver from seeing an object which is at least 2 m from the front windscreen, when the driver uses binocular vision, and without requiring the driver to move the driver's head.  *See* Quigley, C. et al., *Field of Vision (A-Pillar Geometry) – A Review of the Needs of Drivers: Final Report*, Loughboroguh University (2001)  at 3 (teaching that binocular vision principles can affect the design of structural units within a vehicle because "if the width of the A-pillar is less than the width between the eyes, distant objects will be visible, and only a portion of the road directly beyond the pillar will be obscured"); Haslegrave, C.M., *Visual Aspects in Vehicle Design* 84-87 (1993)  (confirming 65mm as an average estimated pupillary width and explaining that if the width of a pillar is less than that distance, the blind spot behind the pillar will only obscure a portion of the road); Lonny L. Thompson, et al., *Design of a Winston Cup Chassis for Torsional Stiffness*, SAE Technical Paper at 7 (Nov. 16-19, 1998) (disclosing strengthening members which use either 1 inch (25.4 mm) or 1.7 inch (44.5 mm) diameter tubes).  As another example, it would have been obvious to one skilled in the art to modify one or more of the pillars implemented in the Raptor to have a structure and/or design like the pillar structures disclosed and/or

Case 6:20-cv-00234-ADA   Document 269-2   Filed 02/07/22   Page 121 of 126

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

| | |
|---|---|
| | implemented in Patent Application Publication No. US 2005/0035628, the Volvo Concept Car, or U.S. Patent No. 6,669,275 (see Exhibit A-10, A-23, and A-33, respectively) that would not prevent the driver from seeing objects at least 2 m from the front windscreen.  One of ordinary skill in the art would be motivated to modify the shape and/or design of one or more of the pillars implemented in the Raptor to resemble those disclosed in Patent Application Publication No. US 2005/0035628, the Volvo Concept Car, or U.S. Patent No. 6,669,275 to improve driver visibility.<br><br>Additionally, although Defendants contend that Gutta discloses the "windscreen" limitation recited in this claim element, Defendants submit that Gutta also discloses one or more vehicle and/or safety features identified by Plaintiff, in his final infringement contentions, to allegedly be an equivalent of the "windscreen" limitation under the Doctrine of Equivalents.  As an example, Gutta discloses, either expressly or inherently, a "nose" of a vehicle.  As is within the knowledge of one of ordinary skill in the art, the "nose" of a vehicle refers to the front part of a vehicle (e.g., hood of a vehicle) which is designed to deflect wind and may provide a dimensional point of reference. |
| **[c] wherein the strengthening member has the form of a triangular prism which has been sheared in a vertical plane or a truncated sheared triangular pyramid.** | Gutta discloses or renders obvious a strengthening member wherein the strengthening member has the form of a triangular prism which has been sheared in a vertical plane or the form of a truncated sheared triangular pyramid.<br><br>Gutta expressly describes the shape of its front strengthening member in terms that a person of ordinary skill in the art would understand as being a triangular prism which has been sheared in a vertical plane or the form of a truncated sheared triangular pyramid.  For example:<br><br>• "Front loop 21a of lower frame portion 21 extends horizontally forward from the upper ends of bars 25 and around the forward area of the ATV in front of the handle bar assembly 11. Loop 21a is preferably angled - inward on both sides as shown in FIG. 1 ***forming a truncated triangular shape***."  4:59-64 (emphasis added).<br><br>• "Forward stays 39 extend forwardly and downward between the ends of transverse bar 22c and the ends of transverse bar 30 providing rigidifying support to front bow 22 and forming a trapezoidally shaped flat front to frame 20." 6:17-21. |

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**

To the extent Plaintiff interprets this limitation as conforming to his infringement theories, insofar as far as Defendants currently understand them, Gutta meets this limitation under Plaintiff's apparent interpretation as explained below.  Gutta discloses or renders obvious a strengthening member, under Plaintiff's interpretation, wherein the strengthening member has the form of a triangular prism which has been sheared in a vertical plane or the form of a truncated sheared triangular pyramid.



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 10

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 2

**DEFENDANTS' INVALIDITY CONTENTIONS**

**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**



FIG. 2

Alternatively, one skilled in the art would understand, based on the pictures and disclosure in Gutta alone, or in combination with one or more of the references charted in Exs. A-1 to A-34, and the knowledge of one of ordinary skill in the art, how to configure the strengthening member so that it has the form of a triangular prism which has been sheared in a vertical plane or the form of a truncated sheared triangular pyramid.

For example, it would have been obvious to one skilled in the art to modify the strengthening member in Gutta to form a triangular prism sheared in a vertical plane or a truncated sheared triangular pyramid, in view of the teachings of Gutta or, for example, as discussed in Defendants' Invalidity Contentions Cover Pleading at Section II.D.

**DEFENDANTS' INVALIDITY CONTENTIONS**
**EX. A-34  Invalidity of U.S. Patent 7,494,178 Over U.S. Pat. No. 5,174,622 ("Gutta")**