**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| JENS H. S. NYGAARD<br><br>Plaintiff,<br><br>v.<br><br>FÉDÉRATION INTERNATIONALE DE L'AUTOMOBILE, FORMULA ONE MANAGEMENT LTD., FORMULA ONE WORLD CHAMPIONSHIP, MERCEDES BENZ GRAND PRIX LTD., DAIMLER AG, LEWIS HAMILTON, RED BULL TECHNOLOGY LTD., RED BULL RACING LTD., FERRARI S.P.A., CHARLES LECLERC, AND DALLARA AUTOMOBILI S.P.A,<br><br>Defendants. | Civil Action No. 6:20-cv-00234-ADA<br><br><br>JURY TRIAL REQUESTED |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR PARTIAL MOTION FOR**
**SUMMARY JUDGMENT OF NON-INFRINGEMENT**

Plaintiff concedes that summary judgment of non-infringement of claim 2 for the accused Halo and Aeroscreen must enter if the plain and ordinary meaning of the plural term "the second structural units" requires plural second units. Dkt. No. 269 at 1. Defendants' Motion explained that the plain and ordinary meaning requires plural "second structural units." The term is plural, all disclosure in the specification is plural, and Plaintiff conceded that the "plural usage is correct" during claim construction. Dkt. No. 262 at 2-3.

Racing away from that concession, Plaintiff now asks the Court to rewrite and broaden the plural "second structural units" to cover a singular "second structural unit[]." Although Plaintiff incorrectly accuses Defendants of "re-arguing" claim construction, Plaintiff's disregard of the plain and ordinary meaning in his expert's report is precisely what the Defendants predicted and the Court invited the Defendants to raise during the *Markman* hearing.

There is no support for Plaintiff's attempt to rewrite the plural to cover the singular. Plaintiff pins its lead argument on a newfound, purported distinction between limitations related to the "purpose" of a claim feature and those related "merely" to "orientation." Plaintiff argues that claim 2's recitation of a singular "second structural unit" controls because it recites the part's purpose, whereas the plural "second structural units" limitation should be disregarded because it merely recites the parts' orientation. Plaintiff does not cite any support in the law or the '178 patent for this argument, and there is none. Moreover, Plaintiff's argument that the "unit" / "units" distinction in claim 2 is intentional is contradicted by his and his expert's concession during *Markman* that the "unit" / "units" mismatch is a typographical error.

None of Plaintiff's other arguments justify Plaintiff's interpretation. *First*, Plaintiff argues that he used "at least" when referring to multiple components and the absence of that language

1

before "second structural units" implies that this limitation covers one or more units. But Plaintiff also used "at least" when referring to one or more in claim 11.

*Second*, Plaintiff argues that claim 11's recitation of "at least two" second units means that claim 2 must be broader under claim differentiation. Claim differentiation does not apply, because claims 2 and 11 are of different scope and, in any event, the doctrine cannot be applied to broaden claim 2's plural second units beyond what is disclosed in the patent (i.e., only plural non-horizontal second units).

*Third*, Plaintiff relies on cases that are distinguishable, because the patent context in those cases was broad enough to include singular components, whereas the '178 Patent lacks that context.

*Fourth*, Plaintiff incorrectly argues that the specification discloses a "single unit," but the cited disclosure describes manufacturing an embodiment with *plural* second units from a single piece of metal.

In sum, the plain and ordinary meaning of "the second structural units" requires plural "second structural units." Plaintiff concedes that summary judgment is proper under that meaning. The Court should grant Defendants' Motion and enter summary judgment of non-infringement of claim 2 for the Halo and Aeroscreen.

I.   **THE COURT SHOULD REJECT PLAINTIFF'S ATTEMPT TO REWRITE THE PLURAL "SECOND STRUCTURAL UNITS" TO COVER A SINGULAR "SECOND STRUCTURAL UNIT"**

   **A. There is no support in the claims for rewriting plural "second structural units" to cover a singular "second structural unit[]"**

Plaintiff roots its lead argument in a non-existent distinction between limitations that recite the "purpose" of a claimed feature and those that "merely" recite its "orientation." Plaintiff argues that the singular recitation "second structural unit joining the at least three first linearly

extending structural units" should control because it recites the unit's purpose, while the plural recitation "the second structural units being not horizontal" should be disregarded because it recites the units' orientation. Dkt. No. 269 at 2 (citing Syson Decl. at ¶¶ 53-54). This argument is legally unsupported. Plaintiff does not cite, and Defendants are not aware of, any authority that supports Plaintiff's supposed distinction between limitations related to purpose and orientation. If anything, the law is to the contrary: courts can find limitations directed to a part's purpose non-limiting. *Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp.*, 320 F.3d 1339, 1345 (Fed. Cir. 2003) ("An intended use or purpose usually will not limit the scope of the claim.").[1]

Mr. Syson's *Markman* declaration also does not support Plaintiff's lead argument. Mr. Syson's conclusory declaration opines that "second structural units" means "a unit or units" without even mentioning purpose or orientation, let alone attributing significance to such a distinction. Dkt. 172-3 (Syson Decl.) at ¶¶ 53-54. Mr. Syson's declaration also does not identify any disclosure of a singular "second structural unit" in the patent.

Plaintiff's argument also is contradicted by Plaintiff's concession during *Markman* that the "unit" / "units" mismatch in claim 2 is a typographical error. During the *Markman* hearing, plaintiff "acknowledge[d] that there – unfortunately, it does appear that there has been a typographical error." Dkt. No. 206 at 43:3-4. Mr. Syson acknowledged the same thing in his declaration. Dkt. No. 172-3 at ¶ 53 (referring to "the typographical errors in the claim" including regarding "'second structural unit – second structural units'"). Plaintiff ignores these concessions

---

[1] Plaintiff's argument that Defendants propose construing the singular "second structural unit" in claim 2 as plural is a strawman. Dkt. No. 269 at 1. Although there is no written description support for that singular "second structural unit," the Court only needs to address the plain and ordinary meaning of the plural "second structural units" to resolve Defendants' Motion.

in his opposition and instead now inconsistently argues that the mismatch was intentional and coherent.

The reality is that the "second structural units being not horizontal" is a structural limitation that cannot be disregarded as Plaintiff argues. *Leggett & Platt, Inc. v. Hickory Springs Mfg. Co.* provides an instructive example for similar claim language. 285 F.3d 1353, 1356-57 (Fed. Cir. 2002). There, the Federal Circuit construed "*transversely-spaced, parallel, and longitudinally-extending* support wires" to require more than one support wire. *Id.* (emphasis added). The court did not disregard the plural "support wires" based on the italicized phrases describing the wires' orientation. *See id.* As in *Leggett*, the Court should not disregard the clear plural usage of "second structural units" just because the adjacent limitation relates to the units' orientation.

Plaintiff next argues that because he used the words "at least" in claims 2 and 11 to specify multiple components, the absence of "at least" before "the second structural units" refers to a single component. Dkt. No. 269 at 2-3. This argument is self-defeating. Plaintiff's own emphasized excerpt of claim 11 shows that he also used "at least" when specifying one or more components: "**at least** one strengthening member." *Id.* at 3 (emphasis in original). Thus, the absence of "at least" before "the second structural units" is no reason to broaden "second structural units" to cover a singular unit. *Leggett*, 285 F.3d at 1356-57 (construing "support wires" as plural even though claim elsewhere specified "*two* parallel sides" and "*two* parallel ends"). If anything, Plaintiff's argument shows that he knew how to limit "the second structural units" to a singular unit, but did not do so.

Plaintiff resorts to a claim differentiation argument that "the second structural units" in claim 2 must be broader (i.e., cover a singular unit) than claim 11's "at least two second structural units." Dkt. No. 269 at 3. Claim differentiation does not apply for at least two reasons.

First, claim differentiation does not apply when "the claims are not otherwise identical in scope." *Indacon, Inc. v. Facebook, Inc.*, 824 F.3d 1352, 1358 (Fed. Cir. 2016) (declining to apply claim differentiation between "instances" in one claim and "all instances" in another, because there were other differences in the two claims); *Apple, Inc. v. Ameranth, Inc.*, 842 F.3d 1229, 1238 (Fed. Cir. 2016) (declining to apply claim differentiation between two limitations, because independent claims otherwise differed in scope). Claims 2 and 11 differ in scope in many ways other than claim 11's recitation of "at least two second linearly extending structural units." Ex. 4 (highlighting differences between claims). For example, claim 2 recites "second structural units being not horizontal," while claim 11 does not. Claim 2 also recites that the "first linearly extending structural units" are "placed in a triangular arrangement" and have a "width not exceeding 65 mm," while claim 11 does not. These differences render claim differentiation inapplicable.

Second, claim differentiation cannot be used to broaden claim scope beyond what is disclosed in the specification. *Tandon Corp. v. U.S. Int'l Trade Comm'n*, 831 F.2d 1017, 1024 (Fed. Cir. 1987). The specification never discloses a singular, non-horizontal second structural unit, so claim differentiation cannot be used to broaden the plural "second structural units" to cover a single "second structural unit[]."

## B. Plaintiff does not cite any disclosure in the patent specification of a singular "second structural unit[]"

Plaintiff strains to find disclosure of a singular "second structural unit[]" in the specification, but ends up citing disclosure that confirms that plural second units are required.

Dkt. No. 269 at 5 (citing '178 Patent at 17:30, 33-36). Plaintiff's cited passage refers to the "lattice design" depicted in Figure 22 and states that this design "can be cut and folded from one sheet of material into the final shape" using "any manufacturing technique" including "laser-cutting, hydro-forming, welding if required." '178 patent, 17:33-36. Contrary to Plaintiff's argument, this passage does not describe an embodiment with a singular second unit but instead describes the "lattice design" of Figure 22 that has plural struts 31 and 32 (i.e., plural second structural units) that are not horizontal. *Id.* at 17:13-16, 17:33-36; Fig. 22. The disclosure that this lattice design can be made from a single sheet of material does not alter that the design has plural second units, and nothing in the cited passage says otherwise. Tellingly, Mr. Syson did not even cite Plaintiff's relied-upon passage in his declaration. Syson Decl. at ¶¶ 53-54. Plaintiff is left without any disclosure of a singular second structural unit to support its broadening construction.

Faced with the consistent disclosure in the '178 Patent of plural second structural units, Plaintiff wrongly accuses Defendants of importing an embodiment from the specification. Dkt. No. 269 at 4. This is not a case of limiting a claim to the preferred embodiment. Claim 2 already recites plural "second structural units," and the specification discloses only plural, non-horizontal second units. The alleged invention of claim 2 is described the same as it is claimed, and nothing needs to be imported into claim 2. If anything, the specification illustrates Plaintiff's attempt to stretch the plural "second structural units" beyond what is disclosed in the patent.

### C.  Plaintiff's cited cases are distinguishable

Failing to show any support in the claims or specification for rewriting "the second structural units" to cover a singular second structural unit, Plaintiff quotes Federal Circuit cases for the proposition that "plural can describe a universe ranging from one to some higher

number." Dkt. No. 269 at 4 (citing *Versa Corp. v. Ag-Bag Int'l Ltd.*, 392 F.3d 1325, 1330 (Fed. Cir. 2004) and *Dayco Prods., Inc. v. Total Containment, Inc.*, 258 F.3d 1317, 1328 (Fed. Cir. 2001)). Plaintiff, however, omitted the most critical part of the *Versa* court's statement: claim language must be viewed "*in context*." *Versa*, 392 F.3d at 1330 (emphasis added). All of the context in the '178 Patent supports interpreting the plural "second structural units" to require plural second units.

And this patent context is why Plaintiff's cases all are distinguishable. In *Dayco*, the court addressed whether a "plurality of projections with recesses therebetween" required two or three projections. *Dayco*, 258 F.3d at 1328. Defendant argued that there had to be three projections, because the claim recited plural "recesses" between the projections, and there was one recess between each pair of projections. *Id.* The court rejected that argument, because plural recesses would have necessitated a construction of "plurality" of projections to mean *three* or more, which would have been inconsistent with the ordinary meaning of "plurality." *Id.* Unlike in *Dayco*, a plural plain and ordinary meaning for "second structural units" would not require interpreting any other term in claim 2 inconsistent with its plain and ordinary meaning.

The cited *Versa* case also involved contextual issues not present here. In *Versa*, the court addressed whether the corresponding structure under 35 U.S.C. § 112, ¶ 6 for a "means for . . . creating air channels" required both a pipe and a flute. *Versa*, 392 F.3d at 1328. The court concluded that only a pipe was required. *Id.* at 1329. The court reasoned that (1) the specification disclosed that the corresponding structure could be either a pipe or a flute; and (2) claim differentiation applied because a dependent claim recited a flute. *Id.* at 1328-30. In dicta, the court rejected an argument that the plural use of "channels" meant that multiple channel-forming structures was required based on the above-referenced context in which the plural channels was

7

used. *Id.* at 1330. Here, however, there is no similar context involving § 112, ¶ 6 or claim differentiation that would warrant a singular interpretation of the plural term "the second structural units."

The cited *Delta T LLC v. MacroAir Technologies* and *Intellectual Ventures II LLC v. FedEx Corp.* decisions involved specification support for a singular meaning—support that is absent in the '178 Patent. In *Delta T*, the court construed "openings" to mean "one or more locations where the arm members may be detachably secured." No. EDCV-20-728-GW-JPRx, 2021 WL 3721455, at *9 (C.D. Cal. Mar. 29, 2021). The court based its construction in part on the specification "allow[ing] for there to be one or more openings." *Id.* In *Intellectual Ventures*, the court construed "field crew" to include "one or more" personnel, because the specification used "crew" to refer to one or more people. No. 2:16-cv-980-JRG, 2017 WL 5896180, at *12 (E.D. Tex. Nov. 29, 2017). Unlike in those cases, however, there is no disclosure of a singular, non-horizontal second structural unit in the '178 Patent specification.

This case is more like *Leggett* (discussed above) and *United Cannabis Corp. v. Pure Hemp Collective Inc.* than Plaintiff's cited decisions. No. 18-cv-1922-WJM-NYW, 2020 WL 376508, at *2 (D. Colo. Jan. 23, 2020). In *United Cannabis*, the court construed "cannabinoids" to mean "more than one cannabinoid." *Id.* The court reasoned that the term was plural, and "more than one" was the "very definition of plural." *Id.* And nothing in the context of the patent showed that the plural term should be construed anything other than literally. *Id.* Here, too, the very definition of the plural term "second structural units" requires more than one such unit, and there is no context that would justify interpreting that plural recitation to cover a singular unit.

### D. Plaintiff's reliance on Defendants' invalidity contentions is a red herring

Plaintiff distracts from the lack of support for its rewritten claim term by pointing to a claim chart in Defendants' invalidity contentions. Dkt. No. 269 at 6-7. However, invalidity contentions themselves are not evidence of the meaning of a claim term. *See Innovative Display Techs. LLC v. Acer Inc.*, No. 2:13-CV-522-JRG, 2014 WL 2796555, at *2 (E.D. Tex. June 19, 2014) (stating that "the Court does not base its claim construction on invalidity contentions"); *Lam Research Corp. v. Schunk Semiconductor*, 65 F. Supp. 3d 863, 871 (N.D. Cal. 2014) (declining to consider invalidity contentions as evidence of proper claim construction).

Plaintiff also omitted the full story. Plaintiff served overbroad final infringement contentions identifying, as it now concedes, a single alleged second structural unit on the accused Halo and Aeroscreen. Defendants then served invalidity contentions that included prior art contentions that matched that theory. Recognizing the incorrectness of Plaintiff's overbroad infringement theory, Defendants included language in their claim chart—which Plaintiff omitted from his brief—explaining that the contentions were based on Plaintiff's interpretation of the claims and that Defendants did not agree with those interpretations. Dkt. No. 269-2 at 1-2 ("Defendants have relied in part on Nygaard's infringement contentions . . . In those contentions, Nygaard pursues overly broad claim interpretations of claim terms construed by the Court . . . In relying on Nygaard's apparent claim interpretations, Defendants do not admit that Nygaard's apparent claim interpretations are supportable or proper."). The Court should therefore reject Plaintiff's attempt to distract from the real issue underlying Plaintiff's response to this Motion: the total lack of support for Plaintiff's attempt to rewrite a plural term to cover the singular.

## II.    PLAINTIFF AGREES THAT NO FACTUAL DISPUTES PRECLUDE SUMMARY JUDGMENT

Plaintiff agrees that the Court should enter summary judgment of non-infringement of claim 2 for the Halo and Aeroscreen if the Court finds that the plain and ordinary meaning of "the second structural units" requires plural second structural units. Dkt. No. 269 at 1 ("Plaintiff agrees that, if the Court applies Defendants' revised construction, there is no infringement."); *id.* (conceding that Plaintiff has no evidence that the accused Halo and Aeroscreen have "two or more second structural units"). In other words, Plaintiff concedes that there is no fact dispute and that the only issue is the legal claim construction issue of the meaning of "second structural units"—which the Court can decide on summary judgment. As explained in Defendants' Motion and above, the plain and ordinary meaning of "the second structural units" requires plural second units, and Plaintiff's attempt to broaden the claim term to cover a singular unit is incorrect and unsupported. The Court should enter summary judgment of non-infringement for claim 2 for the Halo and Aeroscreen devices.

## III.    CONCLUSION

The plain and ordinary meaning of "the second structural units" requires plural second structural units. The term is plural, all description in the specification shows plural non-horizontal second units, and Plaintiff has admitted that the plural usage is correct. Plaintiff should not be permitted to broaden the scope of its claim by rewriting the term to cover a singular unit without any support in the claims, specification, or law. The parties agree that summary judgment must enter under Defendants' plain and ordinary meaning. Defendants therefore request that the Court grant their motion for partial summary judgment of non-infringement of claim 2 for the accused Halo and Aeroscreen devices.

Dated: February 21, 2022

Respectfully submitted,

By: */s/ Douglas M. Kubehl*
Douglas M. Kubehl
State Bar Number 00796909
doug.kubehl@bakerbotts.com
Harrison Rich *pro hac vice*
State Bar Number 24083730
harrison.rich@bakerbotts.com
Bethany R. Salpietra
State Bar Number 24097699
bethany.salpietra@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 900
Dallas, TX 75201
Telephone:  (214) 953-6816
Facsimile:  (214) 661-4816

**ATTORNEYS FOR DEFENDANTS
FORMULA ONE MANAGEMENT
LIMITED AND FORMULA ONE WORLD
CHAMPIONSHIP LIMITED**

*/s/ Claudia Wilson Frost*
Claudia Wilson Frost
State Bar No. 21671300
Jeffrey L. Johnson
State Bar No. 24029638
Ryan C. Wooten
State Bar No. 24075308
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
609 Main, 40th Floor
Houston, TX 77002
Telephone: 713.658.6400
Facsimile: 713.658.6401
cfrost@orrick.com
jj@orrick.com
rwooten@orrick.com

11

Travis Jensen
CA Bar No. 259925
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Rd.
Menlo Park, CA 94025
Telephone: 650.614.7400
Facsimile: 650.614.7401
tjensen@orrick.com

Jeffrey T. Quilici
State Bar No. 24083696
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
300 W. 6th Street, Suite 1850
Austin, TX 78701
Telephone: 512.582.6916
Facsimile: 512.582.6949
jquilici@orrick.com

**ATTORNEYS FOR DEFENDANT
FÉDÉRATION INTERNATIONALE DE
L'AUTOMOBILE**

By: */s/ Edgar H. Haug*
Deron R. Dacus
State Bar No. 00790553
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

Edgar H. Haug (pro hac vice)
Mark A. Chapman (pro hac vice)
Roman Khasidov (pro hac vice)
HAUG PARTNERS LLP
745 Fifth Avenue, 10th Floor
New York, NY 10151
Phone: (212) 588-0800
Fax: (212) 588-0500

**ATTORNEYS FOR DEFENDANTS RED
BULL RACING LTD. AND RED BULL
TECHNOLOGY LTD.**

12

## **CERTIFICATE OF SERVICE**

I hereby certify that that on February 21, 2022, a true and correct copy of the foregoing

was served on all counsel of record who have appeared in this case via email.

*/s/ Douglas M. Kubehl*
Douglas M. Kubehl

13