IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JENS H.S. NYGAARD, | § § | |
| Plaintiff, | § § | Case No. 6:20-cv-00234-ADA |
| v. | § § | JURY TRIAL DEMANDED |
| FÉDÉRATION INTERNATIONALE DE L'AUTOMOBILE, FORMULA ONE MANAGEMENT LTD., FORMULA ONE WORLD CHAMPIONSHIP LTD., MERCEDES-BENZ GRAND PRIX LTD., DAIMLER AG, LEWIS HAMILTON, RED BULL TECHNOLOGY LTD., RED BULL RACING LTD., FERRARI S.P.A., CHARLES LECLERC, and DALLARA AUTOMOBILI S.P.A., | § § § § § § § § § § § § | |
| Defendants. | § | |

**JOINT MOTION FOR ENTRY OF SCHEDULING ORDER**

Pursuant to this Court's Standing Order Regarding Joint or Unopposed Request to Change Deadlines entered on March 7, 2022, Plaintiff Jens H.S. Nygaard and Defendants Fédération Internationale de l'Automobile, Formula One Management Limited, Formula One World Championship Limited, Red Bull Technology Ltd., and Red Bull Racing Ltd. (hereafter referred to as "the Parties") hereby notify the Court that the Parties have agreed to amend the current Agreed Amended Scheduling Order (ECF No. 258), which was entered by the Court on December 2, 2021. The requested changes do not change the date for any hearing, any final submission to the Court related to a hearing, or the trial.

| Deadline | New Deadline | Item |
|---|---|---|
| September 11, 2020 | | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e. the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| September 15, 2020 | | Lead counsel for each party shall meet and confer (either in person or by telephone) to discuss whether they believe the Court's default Scheduling Order and default Discovery Limits are appropriate for this case, and any issues relating to the management of this case they intend to raise at the CMC. |
| September 18, 2020 at 3:00 p.m. | | Telephonic Rule 16 Case Management Conference. Participants shall dial into the following number 5 minutes before the scheduled time: **866.434.5269; access code 967-8080**. Lead counsel for each party, and all unrepresented parties, shall be present. Client representatives are welcome to attend, but such attendance is not required. In person attendance is permitted, but not required. Anyone planning to attend in person should so inform the Court by contacting chambers not later than two court days before the scheduled hearing so the Court can evaluate whether to hold the conference in the courtroom, |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| Deadline | New Deadline | Item |
|---|---|---|
| | | or in chambers. The Court expects the parties to be prepared to discuss:<br>a. An overview of the claims and defenses, including any unique issues the parties believe should be addressed at this stage of the case;<br>b. Issues involving the case schedule and potential amendments to the Court's default scheduling order, including the date for the *Markman* Hearing;<br>c. Issues relating to claim construction, including whether a live tutorial would be of benefit to the Court;<br>d. Issues relating to discovery, including potential amendments to the Court's default discovery limits or Protective Order; and<br>e. Any other issues the parties believe would lead to the just, speedy and inexpensive determination of this action. |
| October 2, 2020 | | The Parties shall submit an agreed Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of each Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| October 13, 2020 | | Defendants respond to Plaintiff's Second Amended Complaint |

| Deadline | New Deadline | Item |
|---|---|---|
| November 13, 2020 | | Defendants serve preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint, unless the parties agree to some other timeframe. |
| December 9, 2020 | | Parties exchange claim terms for construction. |
| December 23, 2020 | | Parties exchange proposed claim constructions. |
| January 8, 2021 | | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| Deadline | New Deadline | Item |
|---|---|---|
| January 15, 2021 | | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| January 22, 2021 at 5:00 p.m. | | Plaintiff files Opening claim construction brief, including any arguments that any claim terms are not indefinite. |
| February 12, 2021 at 5:00 p.m. | | Defendant files Responsive claim construction brief, including any arguments that any claim terms are indefinite. |
| February 26, 2021 at 5:00 p.m. | | Plaintiff files Reply claim construction brief. |
| March 12, 2021 at 5:00 p.m. | | Defendant files a Sur-Reply claim construction brief. |
| March 17, 2021 | | Parties submit Joint Claim Construction Statement.<br>*See* General Issues Note #8 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| March 19, 2021 | | Parties submit optional technical tutorials. The parties shall also jointly submit, via USB drive, Box (not another cloud storage), or email to the law clerk, pdf versions of all as-filed briefing and exhibits.[3] |
| March 26, 2021 at 9:30 a.m. | | *Markman* Hearing at in District Courtroom #1, on the Third Floor of the United States Courthouse, 800 Franklin Ave, Waco, TX. |
| March 29, 2021 | | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |

---

[3] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

| Deadline | New Deadline | Item |
|---|---|---|
| April 8, 2021 | | Deadline to file intra-district transfer motion. The Court also adopts the following page limits and briefing schedule for Motions to Transfer:<br>Opening – 15 pages<br>Response – 15 pages, due 14 days after the Opening Brief<br>Reply – 5 pages, due 7 days after the Response Brief |
| May 7, 2021 | | Deadline to add parties. |
| May 21, 2021 | | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| July 16, 2021 | | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. |
| September 10, 2021 | | Deadline for Defendants to move and/or answer Plaintiff's Third Amended Complaint. |
| October 29, 2021 | | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| November 23, 2021 | | Close of Fact Discovery.[4] |

---

[4] Depositions originally agreed to during the discovery period may be completed after the discovery period.

| Deadline | New Deadline | Item |
|---|---|---|
| | | Deadline to serve Supplemental Invalidity Contentions. After this date, leave of Court is required for any amendment to Invalidity contentions. This deadline does not relieve the Defendants of their obligation to seasonably amend if new information is identified after initial contentions. |
| December 8, 2021 | December 14, 2021 | Opening Liability Expert Reports.[5] |
| N/A | December 24, 2021 | Opening Damages Expert Reports. |
| January 14, 2022 | February 7, 2022 | Rebuttal Liability Expert Reports. |
| January 10, 2022 | February 7, 2022 | Plaintiff's Response in Opposition to Defendants' Partial Motion for Summary Judgment of Non-Infringement on Claim 2. |
| N/A | February 11, 2022 | Rebuttal Damages Expert Reports. |
| January 21, 2022 | February 18, 2022 | Deadline for the second of two meet and confer to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| | February 21, 2022 | Defendants' Reply Brief in Support of MSJ on Claim 2. |
| January 28, 2022 | February 25, 2022 | Close of Expert Discovery. |
| February 4, 2022 | April 22, 2022 | Dispositive motion deadline and *Daubert* motion deadline. |
| | May 26, 2022 | Daubert Responses Due. |

---

[5] For the avoidance of doubt, draft expert reports are exempt from discovery and include any notes, drafts, or other materials created by or for an expert other than evidence or recitation of facts for use in the expert's report or on which the expert relies in forming her opinion, pursuant to FRCP 26(b)(4).

| Deadline | New Deadline | Item |
|---|---|---|
|  | June 3, 2022 | Dispositive Motion Responses (MSJ) Due. |
|  | June 17, 2022 | Daubert Replies Due. |
|  | July 1, 2022 | Dispositive Motion (MSJs) Replies Due. |
| February 9, 2022 | July 22, 2022[6] | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| February 15, 2022 | August 5, 2022 | Serve objections to pretrial disclosures/rebuttal disclosures. |
|  | August 12, 2022 | Parties to jointly email the Court's law clerk to confirm their Pre-Trial conference and trial dates. |
| February 18, 2022 | August 19, 2022 | Serve objections to rebuttal disclosures and **File** Motions *in limine*. |
| February 25, 2022 | August 26, 2022 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
| March 4, 2022 | September 2, 2022 | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com. |

---

[6] This deadline and all the subsequent deadlines below apply only to plaintiff Nygaard and the FIA and F1 defendants with respect to the separate pre-trial conference and trial between Nygaard and the FIA and F1 defendants.  This deadline and all the subsequent deadlines below do not apply to plaintiff Nygaard and the Red Bull defendants with respect to the separate pre-trial conference and trial between Nygaard and the Red Bull defendants.  As stated in the Court's Order entering the Stipulation between Nygaard and the Red Bull defendants (Dkt. 299), Nygaard's claims against the Red Bull defendants and the Red Bull defendants' defenses to Nygaard's claims have been severed for a separate pre-trial conference and trial, and Nygaard and the Red Bull defendants will agree upon a separate schedule for the exchange and submission of pre-trial disclosures, motions *in limine*, and their pre-trial order in advance of the separate pre-trial conference for the separate trial between Nygaard and the Red Bull defendants.

| Deadline | New Deadline | Item |
|---|---|---|
|  | September 2, 2022 | Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| March 18, 2022 | September 7, 2022 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| 49 weeks after *Markman* hearing (or as soon as practicable) [March 18, 2022] | September 12, 2022, or as soon thereafter that the Court is available | Final Pretrial Conference. The Court expects to set this date at the conclusion of the *Markman* Hearing. |
| 52 weeks after *Markman* hearing (or as soon as practicable)[7] [March 31, 2022 jury selection/April 4, 2022 trial] | October 7, 2022 | Jury Selection/Trial. |

\* \* \* \* \*

---

[7] If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-*Markman* that are consistent with the Court's default deadlines in light of the actual trial date.

AGREED:

/s/ *Ahmed J. Davis*
Danielle J. Healey
Attorney in Charge
Texas Bar No. 09327980
healey@fr.com
Brian G. Strand
Texas Bar No. 24081166
strand@fr.com
Bailey Benedict
Texas Bar No. 24083139
benedict@fr.com
Jacqueline T. Moran (*pro hac vice*)
Texas Bar No. 24121740
jtmoran@fr.com
**FISH & RICHARDSON P.C.**
1221 McKinney Street, Suite 2800
Houston, Texas 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

Tommy Jacks
Texas Bar No. 10452000
jacks@fr.com
**FISH & RICHARDSON P.C.**
111 Congress Avenue, Suite 810
Austin, Texas 78701
Telephone: (512) 472-5070
Facsimile: (512) 320-8935

Ahmed J. Davis (admitted *pro hac vice)*
Washington D.C. Bar No. 472321
adavis@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Ave SW
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

**COUNSEL FOR PLAINTIFF JENS H.S. NYGAARD**

/s/ *Claudia Wilson Frost*
Claudia Wilson Frost
State Bar No. 21671300
Jeffrey L. Johnson
State Bar No. 24029638
Ryan C. Wooten
State Bar No. 24075308
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
609 Main, 40th Floor
Houston, TX 77002
Telephone: 713.658.6400
Facsimile: 713.658.6401
cfrost@orrick.com
jj@orrick.com
rwooten@orrick.com

Travis Jensen
CA Bar No. 259925
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Rd.
Menlo Park, CA 94025
Telephone: 650.614.7400
Facsimile: 650.614.7401
tjensen@orrick.com

Jeffrey T. Quilici
State Bar No. 24083696
**ORRICK, HERRINGTON &SUTCLIFFE LLP**
300 W. 6th Street, Suite 1850
Austin, TX 78701
Telephone: 512.582.6916
Facsimile: 512.582.6949
jquilici@orrick.com

**ATTORNEYS FOR DEFENDANT FÉDÉRATION INTERNATIONALE DE L'AUTOMOBILE**

/s/ Douglas M. Kubehl
Douglas M. Kubehl
State Bar Number 00796909
doug.kubehl@bakerbotts.com
Harrison Rich (admitted *pro hac vice*)
State Bar Number 24083730
harrison.rich@bakerbotts.com
Bethany R. Salpietra
State Bar No. 24097699
bethany.salpietra@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 900
Dallas, TX 75201
Telephone: (214) 953-6816
Facsimile: (214) 661-4816

Richard B. Harper (admitted *pro hac vice*)
NY State Bar No. 4596615
richard.harper@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 900
Dallas, TX 75201
Telephone: (214) 953-6816
Facsimile: (214) 661-4816

**ATTORNEYS FOR DEFENDANTS FORMULA ONE MANAGEMENT LIMITED AND FORMULA ONE WORLD CHAMPIONSHIP LIMITED**


/s/ Edgar H. Haug
Deron R. Dacus
State Bar No. 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

Edgar H. Haug (admitted *pro hac vice*)
Mark A. Chapman (admitted *pro hac vice*)
Roman Khasidov (admitted *pro hac vice*)
**HAUG PARTNERS LLP**

11

745 Fifth Avenue, 10th Floor  
New York, New York 10151  
Telephone: (212) 588-0800  
Facsimile: (212) 588-0500  

**ATTORNEYS FOR RED BULL RACING LTD. AND RED BULL TECHNOLOGY LTD.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the above document was served on all counsel of record through the Court's CM/ECF system on May 3, 2022.

/s/ *Ahmed J. Davis*
Ahmed J. Davis